withdrawn, without costs to either party.    Concur — Botein, P. J., M. M. Frank, Valente, McNally and Bergan, JJ.

■    In the Matter of PETER JOSEPH HABERKORN (Also Known as PETER J. HABERKORN.— Motion for leave to reargue his application for reinstatement denied.    Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bastow, JJ.

■    In the Matter of PETER JOSEPH HABERKORN (Also Known as PETER J. HABERKORN).— Motion for resettlement denied.    Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Bastow, JJ.

■

## (January 27, 1959)

■    MARGERY TREFF, Respondent, v. SAUL TREFF, Appellant.— On the defendant-appellant's application to enlarge his right of visitation of the child as provided by the judgment in the separation action entered in 1954, the primary concern of the court is the interest and welfare of the child.   We consider that the mutual recriminations of the parties which tend to keep uppermost their own matrimonial controversy and to submerge the child's interest, preclude adequate consideration of this basic problem on affidavits. A careful examination of the facts concerning the present needs and requirements of the child and the present problem of providing for his welfare within the best available possibilities, ought to be made by the court itself with the parties personally before it.   The child, a boy, is now 6 years old; and one of the problems is whether his normal growth and development would be promoted by enlarged contact with his father.   On this question the father's present attitude toward the child; his present disposition to help him as well as the actual record of his failure to contribute financially toward the child's support have a relevance to the question of the child's welfare.   The mother's actual course of management of the child while in her sole custody has equal relevance.   Whether the fresh inquiry results in a decision to continue the present arrangement for custody and visitation, or a decision to alter it, the court should have the benefit of a full examination of the facts in reaching a well-advised conclusion.   Order unanimously reversed on the law and on the facts, without costs, and the motion remitted to Special Term for a hearing, in accordance with the above memorandum opinion.   Concur — Botein, P. J., M. M. Frank, Valente, McNally and Bergan, JJ.

■    C. GERARD DODGE, Respondent, v. FREDERICK W. RICHMOND, Appellant.— By this action, the plaintiff seeks recovery for commissions in connection with the sale of the assets of a steel company, under an alleged agreement for the payment thereof by the defendant.   The defendant claims that at a hearing held by the Securities and Exchange Commission, the plaintiff testified, in effect, that there was no arrangement by which he was to be compensated for the sale.   Special Term denied the defendant's motion for discovery and inspection of a certified copy of the minutes of the plaintiff's testimony before the Securities and Exchange Commission.   It appears that the defendant is unable to obtain a copy of that testimony without the authorization or consent of the plaintiff and that the plaintiff has refused such consent. Under the circumstances, this testimony may be material to the substantive issue.   The order is therefore modified, with costs to the appellant, to provide that the plaintiff is directed to procure a certified copy of his testimony, if he does not have it.   If the defendant, by subpoena duces tecum, requires the production of that testimony, it is to be delivered to the trial court at the