■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS RUSSELL, Appellant.—On this appeal from a judgment, rendered on November 29, 1974, in the Supreme Court, Bronx County, convicting defendant on his plea of guilty of rape in the first degree and sentencing him to an indeterminate period of imprisonment of 5 to 15 years, assigned counsel, after conscientiously examining the record, has sought leave to withdraw. The application is supported by a brief in compliance with *People v Saunders* (52 AD2d 833) (see, also, *Anders v California,* 386 US 738). Counsel has concluded that the record in this case does not reveal any valid appealable issue. After a review of the record and proceedings in this case, the court agrees with counsel for appellant that there are no issues of substantial validity to be raised on this appeal. Accordingly, the application by counsel to withdraw is granted, and the judgment of conviction is unanimously affirmed. Concur—Stevens, P. J., Kupferman, Murphy, Silverman and Nunez, JJ.

■ In the Matter of PETER FISCHBEIN, Appellant, v DAVIDA FISCHBEIN, Respondent.—Order, Supreme Court, New York County, entered November 24, 1976, denying petitioner's application for an order requiring respondent to comply with the visitation provisions in their separation agreement, unanimously reversed, on the law, without costs and without disbursements, and the matter remanded for an evidentiary hearing. Generally, visitation rights set forth in a separation agreement should only be altered after a full evidentiary hearing. *(Feuer v Feuer,* 46 AD2d 610; *Treff v Treff,* 7 AD2d 842.)* The lower court denied the petitioner's present application to enforce his visitation rights under the parties' separation agreement because he failed to submit a medical affidavit advising that his daughter should be permitted to see him. At the outset, it should be emphasized that the petitioner could not submit such an affidavit since he did not have access to examine his daughter. In any event, the lower court should not have accepted the unilateral recommendation of the psychiatrist, hired by the respondent, that it was inadvisable for the child to see her father for a period of four months. The petitioner should have been afforded an evidentiary hearing to present his own medical proof. Concur—Murphy, J. P., Lupiano, Silverman and Lane, JJ.