■ Naomi C., Appellant, v Russell A., Respondent. [850 NYS2d 415]—

Order, Family Court, New York County (Helen C. Sturm, J.), entered on or about August 9, 2007, which dismissed, without a hearing and without prejudice, the petition to modify an order of custody, unanimously affirmed, without costs.

Petitioner's contention that sufficient grounds exist to modify the parties' so-ordered stipulation is without merit; neither custody nor visitation should be changed without a hearing (see e.g. David W. v Julia W., 158 AD2d 1, 6 [1990]; Matter of Fischbein v Fischbein, 55 AD2d 885 [1977]). However, Family Court was not required to hold a hearing here because petitioner failed to make the necessary evidentiary showing (see David W., 158 AD2d at 7).

Although the court was warranted in dismissing the petition

on its face, we point out that the questioning of the Law Guardian (now called Attorney for the Child) by the court is something that should not be repeated. With the parties present, the court asked the Law Guardian, on the record, to discuss the position of the 10-year-old child regarding how well the current custody arrangement was working. Although the court was correct to disallow the "cross-examination" of the Law Guardian by petitioner's counsel, the court should not consider the hearsay opinion of a child in determining the legal sufficiency of a pleading in the first place. Most importantly, such colloquy makes the Law Guardian an unsworn witness, a position in which no attorney should be placed. "The attorney for the child is subject to the ethical requirements applicable to all lawyers, including but not limited to . . . becoming a witness in the litigation" (Rules of Chief Judge [22 NYCRR] § 7.2 [b]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Lippman, P.J., Gonzalez, Buckley and Sweeny, JJ.