■ In the Matter of NELSON ROSADO, Respondent, v HAYDE-NISE ROSADO, Appellant. (Proceeding No. 1.) In the Matter of HAYDENISE ROSADO, Appellant, v NELSON ROSADO, Respondent. (Proceeding No. 2.) [25 NYS3d 323]—

Appeal from an order of the Family Court, Rockland County (Sherri L. Eisenpress, J.), dated April 4, 2014. The order, insofar as appealed from, after a hearing, awarded the father sole physical custody of the subject child.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and father each filed petitions for sole custody of their child. The Family Court, after a hearing, awarded physi-

cal custody to the father and joint legal custody to both parties, and denied the mother's cross petition for sole custody of the child. The mother appeals from so much of the order as awarded the father sole physical custody, alleging that the court erred in not awarding joint physical custody.

" 'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child' " (*Matter of Gooler v Gooler*, 107 AD3d 712, 712 [2013], quoting *Matter of Julie v Wills*, 73 AD3d 777, 777 [2010]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). In determining an initial petition for child custody, the totality of the circumstances includes, but is not limited to, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (*Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]). Custody determinations will not be disturbed unless they lack a sound and substantial basis in the record (*see id*; *see also Matter of Frankiv v Kalitka*, 105 AD3d 1045, 1046 [2013]). Here, the Family Court's determination that the child's best interests would be served by awarding sole physical custody to the father has a sound and substantial basis in the record and will not be disturbed (*see Matter of Bowe v Bowe*, 124 AD3d 645, 646 [2015]; *Matter of Gribeluk v Gribeluk*, 120 AD3d 579, 580 [2014]).

Regarding the mother's contention that she received ineffective assistance of counsel, "[i]n the context of civil litigation, a claim of ineffective assistance will not be entertained, absent extraordinary circumstances" (*Salvatore v Salvatore*, 68 AD3d 966, 967 [2009]; *see Matter of Lorys v Powell*, 116 AD3d 1047, 1048 [2014]; *McVeigh v Curry*, 74 AD3d 915, 916 [2010]; *Matter of Saren v Palma*, 263 AD2d 544, 545 [1999]). No such extraordinary circumstances are present on this record. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.