Appeal by the father from an amended order of the Family Court, Orange County (Carol S. Klein, J.), dated February 29, 2016. The amended order, inter alia, after a hearing, awarded sole custody of the parties’ children to the mother and declined to impose sanctions upon the mother’s attorney.
 

 Ordered that the amended order is modified, on the facts, by deleting the provision thereof awarding sole custody of the parties’ children to the mother; as so modified, the amended order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a reopened hearing on the issues of custody and visitation, and a new custody and visitation determination thereafter in accordance herewith; and it is further,
 

 Ordered that pending the new custody and visitation determination, the children shall remain in the custody of the mother and continue attending school in Bronx County.
 

 The parties were married in 2004 and have two children. They lived in Bronx County until 2010, when they purchased a home in Orange County and moved there with the children. In 2014, the mother and the children moved back to the same neighborhood in Bronx County where they had lived previously. The father thereafter petitioned the Family Court, Orange County, for sole custody of the children. The children remained in the care of the mother throughout the pendency of the proceeding, and maintained visitation with the father. After a hearing, in an amended order, the Family Court, inter alia, awarded sole custody of the children to the mother and denied the father’s request to impose sanctions upon the mother’s counsel. The father appeals.
 

 “ ‘The court’s paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child’ ” (Matter of Rosado v Rosado, 136 AD3d 927, 928 [2016], quoting Matter of Gooler v Gooler, 107 AD3d 712, 712 [2013]; see Eschbach v Eschbach, 56 NY2d 167, 171 [1982]). Here, the Family Court, after a hearing, awarded sole custody of the parties’ children to the mother. However, on appeal, new developments have been brought to this Court’s attention by the attorney for the children. As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether a child custody determination is still in the best interests of the children (see Matter of Michael B., 80 NY2d 299, 318 [1992]). In light of the new developments brought to this Court’s attention by the attorney for the children, the record is no longer sufficient to review whether the court’s determination regarding custody is in the best interests of the children (see Matter of Bosque v Blazejewski-D’Amato, 123 AD3d 704, 705 [2014]). Accordingly, we remit the matter to the Family Court, Orange County, for a reopened hearing, at which the new facts shall be considered, and a new custody and visitation determination rendered thereafter. In so doing, we express no opinion as to the appropriate determination.
 

 “The decision of whether to award sanctions and the amount or nature of those sanctions is generally entrusted to the trial court’s sound discretion” (Matter of Khan-Soleil v Rashad, 111 AD3d 727, 728 [2013]; see Navin v Mosquera, 30 AD3d 883, 883-884 [2006]; Riley v ISS Intl. Serv. Sys., 304 AD2d 637, 637-638 [2003]). Here, the Family Court providently exercised its discretion in declining to impose sanctions upon the mother’s counsel.
 

 The parties’ remaining contentions are either unpreserved for appellate review or without merit.
 

 Mastro, J.P., Hall, Austin and Sgroi, JJ., concur.
 

 Motion by the respondent to dismiss an appeal from an amended order of the Family Court, Orange County, dated February 29, 2016, as untimely taken. By decision and order on motion of this Court dated October 20, 2016, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
 

 Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is
 

 Ordered that the motion is denied.