Matter of Lopez v Reyes (2019 NY Slip Op 03049)





Matter of Lopez v Reyes


2019 NY Slip Op 03049


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2018-00142
 (Docket Nos. V-720-14, V-721-14)

[*1]In the Matter of Richard J. Lopez, petitioner-appellant,
v
Gricely Reyes, respondent; Emely L. (Anonymous), et al., nonparty-appellants.


Richard J. Lopez, Newburgh, NY, petitioner-appellant pro se.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the children, the nonparty-appellants.
Wayne F. Crowe, Jr., Bronx, NY, for respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals, and the children separately appeal, from an order of the Family Court, Orange County (Carol Klein, J.), dated November 29, 2017. The order, upon remittur from this Court by decision and order dated October 11, 2017 (see Matter of Lopez v Reyes, 154 AD3d 756), in effect, awarded sole custody of the parties' children to the mother.
ORDERED that the order dated November 29, 2017, is reversed, on the law, on the facts, and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a reopened hearing, including in camera interviews with the parties' children, on the issues of custody and parental access, and thereafter a new determination on the issues of custody and parental access in accordance herewith; and it is further,
ORDERED that pending the new determination on the issues of custody and parental access, the children shall remain in the sole custody of the mother and continue attending school in Bronx County.
The parties were married in 2004 and have two children. In 2014, the father petitioned for custody of the children. After a hearing, in an amended order dated February 29, 2016, the Family Court, inter alia, awarded sole custody of the children to the mother. The father appealed. In a decision and order dated October 11, 2017 (see Matter of Lopez v Reyes, 154 AD3d 756), this Court determined that, in light of "new developments" brought to this Court's attention by the attorney for the child, the record was no longer sufficient to review whether the Family Court's award of sole custody to the mother was still in the best interests of the children (id. at 757; see Matter of Michael B., 80 NY2d 299, 318). We therefore modified the amended order dated February 29, 2016, by deleting the provision awarding sole custody of the children to the mother, and remitted the matter to the Family Court, Orange County, for a reopened hearing on the issues of custody and parental access, and thereafter a new determination on the issues of custody and parental access.
On remittal, the Family Court conducted what it characterized as a "hearing" at which it "took testimony and heard arguments." However, the only information conveyed to the court about the new developments that prompted the remittal was the unsworn statements of the mother's counsel and the attorney for the children. The mother's counsel stated that the new developments were the mother's changed work schedule, which counsel represented would be changing yet again in two weeks, and the newly expressed preferences of the children. The mother's counsel urged the court to disregard the children's newly expressed preferences because the children were aged 10 and 12 at the time of the reopened hearing. The attorney for the children asked the court to conduct new in camera interviews of the children and to allow the father to present a case on these new developments. The court did not conduct new in camera interviews or give the father an opportunity to present a case and, in an order dated November 29, 2017, in effect, again awarded sole custody of the children to the mother. The father and the children appeal.
The father and the children correctly contend that the Family Court erred in conducting a hearing at which they were not given an opportunity to present evidence regarding the new developments this Court identified as necessary to determine whether an award of sole custody to the mother is still in the best interests of the children (see Matter of Lopez v Reyes, 154 AD3d at 757). Here, the court relied solely on the representations of counsel in determining that its original custody determination was still in the best interests of the children. However, " [a] decision regarding child custody should be based on admissible evidence'" (Gentile v Gentile, 149 AD3d 916, 918, quoting Matter of S.L. v J.R., 27 NY3d 558, 564), and an attorney's unsworn representations are "not a proper substitute for testimony" (Matter of Pringle v Pringle, 296 AD2d 828, 828; see Naomi C. v Russell A., 48 AD3d 203, 203; Matter of Kenyon v Kenyon, 299 AD2d 863, 863; Matter of Ashley MM., 271 AD2d 796, 796; Matter of Stanley R., 147 AD2d 284, 286-287; Matter of Nowacki v Nowacki, 90 AD2d 795, 796). The court compounded its error by improvidently declining to conduct new in camera interviews of the children, during which it could have learned facts relevant to both the alleged new developments and their impact on the best interests of the children (see E.V. v R.V., 130 AD3d 920, 921; Matter of Zubizarreta v Hemminger, 107 AD3d 909, 910).
The Family Court therefore erroneously made a new custody determination upon a factual record that was no different from that which this Court previously found to be no longer sufficient (see Matter of Lopez v Reyes, 154 AD3d at 757; see also Matter of New v Sharma, 117 AD3d 1061, 1062-1063). Accordingly, we reverse the order appealed from and remit the matter to the Family Court, Orange County, for a reopened hearing, including in camera interviews with the children, at which evidence regarding the new developments on the issues of custody and parental access shall be considered, and thereafter a new determination on the issues of custody and parental access. In so doing, we again express no opinion as to the appropriate determination (see Matter of Lopez v Reyes, 154 AD3d at 757).
The remaining contentions of the father and the attorney for the children either are without merit or need not be addressed in light of our determination.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court