Matter of Lewis v Strickland (2021 NY Slip Op 01049)





Matter of Lewis v Strickland


2021 NY Slip Op 01049


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2020-01602
 (Docket Nos. V-9588-12/15A, V-9589-12/15A, V-10731-11/16D, V-10732-11/16D)

[*1]In the Matter of Bernadine Lewis, appellant,
v
Jason Strickland, respondent. (Proceeding No. 1.)
In the Matter of Jason Strickland, respondent,
v
Bernadine Lewis, appellant. (Proceeding No. 2.)


Peter Wilner, Jamaica, NY, for appellant.
Michael E. Lipson, Jericho, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Laura Solecki and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Maria Arias, J.), dated January 24, 2020. The order, insofar as appealed from, after a hearing, denied the mother's petitions (1) to modify an order of custody of the same court (Denise M. Valme-Lundy, Ct. Atty. Ref.), dated August 7, 2012, so as to award her sole legal and physical custody of the parties' children, and (2) to enforce an order of parental access of the same court dated September 19, 2012, and granted the father's petition for permission to relocate with the children to Pennsylvania, with parental access to the mother.
ORDERED that the order dated January 24, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of two children, one born in 2004 and the other in 2008. By order dated August 7, 2012, the Family Court granted the father's petition for sole custody of the children, upon the mother's failure to appear at a hearing on the petition. By order dated September 19, 2012, the court denied the mother's motion to vacate her default, and awarded the mother parental access with the children. This Court affirmed the denial of the mother's motion to vacate her default (see Matter of Strickland v Lewis, 110 AD3d 907).
On November 23, 2015, the mother filed a petition to modify the August 7, 2012 order, so as to award her sole legal and physical custody of the children. On February 26, 2016, the mother filed a separate petition to enforce the parental access provisions of the September 19, 2012 order. On July 29, 2016, the father filed a petition to modify the orders dated August 7, 2012, and September 19, 2012, to permit him to relocate with the children to Pennsylvania. After a hearing, in an order dated January 24, 2020, the Family Court, inter alia, granted the father's petition and denied the mother's petitions. The mother appeals.
"'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Lopez v Reyes, 154 AD3d 756, 757, quoting Matter of Rosado v Rosado, 136 AD3d 927, 928; see Eschbach v Eschbach, 56 NY2d 167, 171). "Since custody determinations depend to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the trial court's findings, and such findings will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Gooler v Gooler, 107 AD3d 712, 712; see Matter of Sahadath v Andaverde, 145 AD3d 731, 732).
Here, contrary to the mother's contentions, the Family Court's determination to grant the father's petition and to deny her petitions is supported by a sound and substantial basis in the record.
The mother's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we affirm the order insofar as appealed from.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court