Matter of Lopez v Reyes (2021 NY Slip Op 03840)





Matter of Lopez v Reyes


2021 NY Slip Op 03840


Decided on June 16, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 16, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2020-02784
 (Docket Nos. V-720-14, V-721-14)

[*1]In the Matter of Richard Lopez, petitioner, 
v
Gricely Reyes, respondent-respondent; Emely L. (Anonymous), et al., nonparty-appellants.


Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the children, the nonparty-appellants.
The King Law Firm, Bronx, NY (Michael Orrin King, Jr., of counsel), for respondent-respondent.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the children appeal from an order of the Family Court, Orange County (Carol S. Klein, J.), dated February 27, 2020. The order, insofar as appealed from, upon remittitur from this Court by decision and order dated April 24, 2019 (see Matter of Lopez v Reyes, 171 AD3d 1179), after a hearing, in effect, denied the father's petition, in effect, for sole legal and physical custody of the parties' children and awarded sole legal and physical custody of the children to the mother, with parental access to the father.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the father's petition, in effect, for sole legal and physical custody of the parties' children is granted, and the matter is remitted to the Family Court, Orange County, for the expeditious determination of an appropriate parental access schedule for the mother.
In 2014, the father commenced this proceeding pursuant to Family Court Act article 6 for custody of the parties' two children (see Matter of Lopez v Reyes, 171 AD3d 1179, 1180). After a hearing, the Family Court awarded sole legal and physical custody of the children to the mother, with parental access to the father. The father appealed, and based upon representations contained in the appellate brief of the attorney for the children (hereinafter the AFC) that the mother's work schedule had changed and that the children had for the first time expressed their preference to reside with the father, this Court determined that the record was no longer sufficient to review whether the Family Court's custody determination was in the best interests of the children (see Matter of Lopez v Reyes, 154 AD3d 756, 757). Accordingly, this Court remitted the matter to the Family Court, Orange County, for a reopened hearing on the new developments and a new custody and parental access determination thereafter (see id. at 757).
On remittal, the Family Court again awarded sole legal and physical custody of the children to the mother, but it did so based solely upon the unsworn statements of the mother's counsel and the AFC, and without conducting an in camera interview of the children as had been requested by the AFC. The father and the children appealed, and this Court reversed and again [*2]remitted the matter to the Family Court, Orange County, for a reopened hearing, including in camera interviews with the children, at which evidence regarding the new developments were to be considered, and thereafter a new custody and parental access determination (see Matter of Lopez v Reyes, 171 AD3d at 1180-1181). On remittal, the Family Court conducted a reopened hearing and in camera interviews of the children. Thereafter, in an order dated February 27, 2020, the court, inter alia, awarded sole legal and physical custody of the children to the mother, with parental access to the father. The children appeal.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Lewis v Strickland, 191 AD3d 882, 883 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 172-174; Matter of Lopez v Reyes, 154 AD3d at 757). The court must consider, among other things, "(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Supangkat v Torres, 101 AD3d 889, 890). "[T]his Court's authority in custody and [parental access] matters is as broad as that of the hearing court, and while we are mindful that the hearing court has an advantage in being able to observe the demeanor and assess the credibility of witnesses, we would be seriously remiss if, simply in deference to the finding of a Trial Judge, we allowed a custody determination to stand where it lacks a sound and substantial basis in the record" (Weisberger v Weisberger, 154 AD3d 41, 51 [internal quotation marks omitted]; see Matter of Dupont v Gaston, 173 AD3d 738, 740).
In this case, the Family Court's determination upon remittal to award sole legal and physical custody to the mother, with parental access to the father, lacks a sound and substantial basis in the record. Among other things, the evidence adduced at the reopened hearing is insufficient to support the court's conclusion that the father was less capable of providing the children with a stable home environment than the mother. Moreover, based on the evidence presented, the mother's work schedule requires her to leave the children alone in the morning on school days, which in turn has resulted in both children being late to school excessively in the mere three months of the academic year that had elapsed over the course of the reopened hearing. Further, while the express wishes of a child are not controlling (see Matter of Ross v Ross, 86 AD3d 615, 617), such preferences "are entitled to great weight" where the child's age and maturity would make his or her input particularly meaningful (Cook v Cook, 142 AD3d 530, 534). The court here erred in failing to give due consideration to the expressed preferences of the children, who were 12 and 14 years old at the time of the proceedings, and who communicated an unequivocal desire to live with the father (see Matter of Newton v McFarlane, 174 AD3d 67, 83).
Viewing the totality of the circumstances, the best interests of the children would be served by awarding the father sole legal and physical custody of the children, with liberal parental access to the mother. Accordingly, we reverse the order dated February 27, 2020, insofar as appealed from and remit the matter to the Family Court, Orange County, for the expeditious determination of an appropriate parental access schedule for the mother.
LASALLE, P.J., DILLON, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court