In the Matter of Leval B., Appellant, v Kiona E., Respondent. (Proceeding No. 1.) In the Matter of Leval B., Appellant, v George E., Respondent. (Proceeding No. 2.) In the Matter of

LEVAL B., Appellant, v WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 3.) [981 NYS2d 449]—

In three related child custody proceedings pursuant to Family Court Act article 6, Leval B., the great aunt of the subject children, appeals from an order of the Family Court, Westchester County (Schauer, J.), entered June 19, 2012, which, after a hearing, dismissed her petitions for custody of the subject children.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith; in the interim, the subject children shall remain with their current foster family.

In January 2010, the parents of the subject children consented to a finding that they had permanently neglected the subject children, who had been living in foster care since May 2007. Pursuant to those consent findings, the Family Court entered a suspended judgment with respect to each of the subject children and directed the parents to comply with certain terms and conditions. Several months later, (1) the Westchester County Department of Social Services (hereinafter the DSS) moved, inter alia, to revoke the suspended judgments, based on the violation by the parents of the terms and conditions of the suspended judgments, and to terminate the parental rights of the parents; (2) Leval B. the great aunt (hereinafter the aunt), filed petitions seeking custody of the subject children; (3) Tyeisha H., the mother's cousin (hereinafter the cousin), filed custody petitions; and (4) Marilyn S. the subject children's maternal grandmother (hereinafter the grandmother), filed visitation petitions. Following a combined dispositional hearing on the motion and the petitions, the Family Court revoked the suspended judgments, terminated the parents' parental rights, and freed the subject children for adoption. The Family Court also dismissed the custody and visitation petitions. On this appeal, the aunt appeals from the order dismissing her petitions. In related appeals from other orders (see Matter of Marilyn S. v Kiona E., 115 AD3d 669 [2014] [decided herewith]; Matter of Tyeisha H. v Kiona E., 115 AD3d 669 [2014] [decided herewith]; Matter of Amari S.G.E. (Kiona E.), 115 AD3d 667 [2014] [decided herewith]), the mother appeals from stated portions of two modified orders of disposition which, among other things, revoked the suspended judgments, terminated her parental rights, and freed the subject children for adoption, the cousin appeals from an or-

der that dismissed her custody petitions, and the grandmother appeals from the order that dismissed her visitation petitions.

In these proceedings, the Family Court's best-interest determinations rested, in large part, on the evidence that the subject children had been with the same preadoptive foster family for three years and apparently were doing very well. It has been brought to our attention, however, that, in April 2013, while these related appeals were pending, the DSS removed the children from the preadoptive foster family's care upon learning that they had been abused, and placed them with a different foster family.

As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether the Family Court's determinations are still in the best interests of the children (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Gatke v Johnson*, 50 AD3d 798, 798 [2008]). Here, in light of the highly significant new development as to the subject children's removal from the preadoptive foster family with which they had spent three years, the record is no longer sufficient to determine which arrangement is in the best interests of the subject children. Accordingly, the order must be reversed and the matter remitted to the Family Court, Westchester County, for a new, expedited hearing and a new, expedited determination of the aunt's petitions. We express no opinion as to the appropriate determinations (*see Matter of Gatke v Johnson*, 50 AD3d at 798). Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.