■ In the Matter of TYEISHA H., Appellant, v KIONA E., Respondent. (Proceeding No. 1.) In the Matter of TYEISHA H., Appellant, v GEORGE E., Respondent. (Proceeding No. 2.) In the Matter of TYEISHA H., Appellant, v WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. (Proceeding No. 3.) [981 NYS2d 560]—In three related custody proceedings pursuant to Family Court Act article 6, the petitioner, Tyeisha H., a cousin of the mother of the subject children, appeals from an order of the Family Court, Westchester County (Schauer, J.), entered August 16, 2012, which, after a hearing, dismissed her petitions for custody of the subject children.

Ordered that the order is reversed, on the law, without costs or disbursements, the petitions are reinstated, and the matter is remitted to the Family Court, Westchester County, for further proceedings consistent herewith; in the interim, the subject children shall remain with their current foster family.

For the reasons stated in our decision and order on a related appeal (see Matter of Leval B. v Kiona E. (115 AD3d 665 [2014] [decided herewith]), the order must be reversed, the petitions reinstated, and the matter remitted to the Family Court, Westchester County, for further proceedings. Balkin, J.P., Sgroi, Cohen and LaSalle, JJ., concur.

■ In the Matter of ALEXANDER KATZ, Petitioner, v ROBERT J. COLLINI et al., Respondents. [981 NYS2d 565]—Proceeding pursuant to CPLR article 78 in the nature of prohibition to prohibit the respondents from enforcing an order of the respondent Robert J. Collini, an Acting Justice of the Supreme Court, Richmond County, dated January 15, 2014, in a criminal action entitled People v Katz, pending in that court under indictment No. 305/13, which directed a new examination of the petitioner pursuant to CPL article 730.

Adjudged that the petition is denied and the proceeding is dismissed on the merits, without costs or disbursements.

"Because of its extraordinary nature, prohibition is available only where there is a clear legal right, and then only when a court—in cases where judicial authority is challenged—acts or threatens to act either without jurisdiction or in excess of its authorized powers" (Matter of Holtzman v Goldman, 71 NY2d 564, 569 [1988]; see Matter of Rush v Mordue, 68 NY2d 348, 352 [1986]).

The petitioner has failed to demonstrate a clear legal right to the relief sought. Skelos, J.P., Lott, Roman and Cohen, JJ., concur.