In two related child neglect proceedings pursuant to Family Court Act article 10 and Social Services Law § 384-b, the mother appeals, as limited by her brief, from so much of two modified orders of disposition of the Family Court, Westchester County (Schauer, J.) (one as to each child), both entered June 29, 2012 as, after a hearing, found that she substantially violated the terms and conditions of two suspended judgments of the same *668 court (Davidson, J.) (one as to each child), entered February 16, 2010, and March 25, 2010, respectively, revoked the suspended judgments, terminated her parental rights as to the subject children, and freed the subject children for adoption, and the nonparty maternal cousin Tyeisha H. also appeals from the modified orders of disposition.
Ordered that the appeals by the nonparty maternal cousin Tyeisha H. are dismissed, as she is not aggrieved by the orders appealed from (see CPLR 5511); and it is further,
Ordered that the modified orders of disposition are modified, on the law, by deleting the provisions thereof terminating the mother’s parental rights as to the subject children and freeing them for adoption; as so modified, the modified orders of disposition are affirmed insofar as appealed from by the mother, without costs or disbursements, and the matters are remitted to the Family Court, Westchester County, for further proceedings consistent herewith; in the interim, the subject children shall remain with their current foster family.
The Family Court may revoke a suspended judgment after a hearing if it finds, by a preponderance of the evidence, that the parent failed to comply with one or more of its conditions (see Matter of Jalil U. [Rachel L.-U.], 103 AD3d 658, 660 [2013]; Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d 1129, 1129 [2012]). Here, the Family Court properly revoked the suspended judgments upon finding, by a preponderance of the evidence, that during the one-year term of the suspended judgments the mother failed to comply with at least one of the conditions of each of the suspended judgments (see Matter of Chanteau M.R.W. [Pamela R.B.], 101 AD3d at 1129; Matter of Jysier E.K.J.L. [Christina D.L.], 88 AD3d 792, 793 [2011]).
The custody petitions at issue in Matter of Leval B. v Kiona E. (115 AD3d 665 [2014] [decided herewith] and Matter of Tyeisha H. v Kiona E. (115 AD3d 669 [2014] [decided herewith]) may not proceed unless we delete those provisions of the modified order of dispositions that terminated the mother’s parental rights as to the subject children and freed them for adoption (see Matter of McHarris v Administration for Children’s Servs., 53 AD3d 660, 660-661 [2008]). For this reason, and for the reasons stated in our decision and order in Matter of Leval B. v Kiona E. (115 AD3d 665 [2014] [decided herewith]), those provisions of the modified orders of disposition must be deleted, and the matters remitted to the Family Court, Westchester County, for further proceedings.
Balkin, J.E, Sgroi, Cohen and LaSalle, JJ., concur.