# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1210**
**CAF 13-00219**
PRESENT: SMITH, J.P., CENTRA, FAHEY, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF DARLENEA T. AND MIRACLE T.
-------------------------------------------
ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES,                MEMORANDUM AND ORDER
PETITIONER-RESPONDENT;

WANDA A., RESPONDENT-APPELLANT.

---

COLUCCI & GALLAHER, P.C., BUFFALO (REGINA A. DELVECCHIO OF COUNSEL),
FOR RESPONDENT-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR PETITIONER-RESPONDENT.

SHEILA SULLIVAN DICKINSON, ATTORNEY FOR THE CHILD, BUFFALO.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL).

---

Appeal from an order of the Family Court, Erie County (Sharon M.
LoVallo, J.), entered November 8, 2012 in a proceeding pursuant to
Social Services Law § 384-b. The order revoked a suspended judgment
and terminated the parental rights of respondent.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Family Court, Erie County, for a new dispositional hearing
in accordance with the following Memorandum: Respondent mother
appeals from an order that, inter alia, revoked the suspended judgment
entered upon a finding of permanent neglect and terminated her
parental rights with respect to her children in this proceeding
pursuant to Social Services Law § 384-b. We conclude that petitioner
established by a preponderance of the evidence that the mother failed
to comply with the terms of the suspended judgment (*see Matter of Shad
S. [Amy C.Y.]*, 67 AD3d 1359, 1360). Nevertheless, based on new facts
and allegations that we may properly consider, we further conclude
that it is not clear that termination of the mother's parental rights
is in the best interests of the children (*see id.; see also Matter of
Leval B. v Kiona E.*, 115 AD3d 665, 667). We therefore reverse the
order and remit the matter to Family Court for a new dispositional
hearing to determine the children's best interests.

Entered:  November 21, 2014                    Frances E. Cafarell
                                               Clerk of the Court