■ In the Matter of STEVEN BOSQUE, Respondent, v ANGELA A. BLAZEJEWSKI-D'AMATO, Appellant. [997 NYS2d 692]—

Appeal from an order of the Family Court, Suffolk County (Heather P.S. James, Ct. Atty. Ref.), dated December 11, 2013. The order, after a hearing, granted the father's petition to modify a prior order of custody of that court so as to award him sole custody of the subject child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that pending final determination of this matter, the subject child shall continue to reside with the mother.

In 2001, the mother filed a petition for sole custody of the subject child. In an order entered August 8, 2001, the Family Court awarded sole custody of the child to the mother. In 2009, the father filed a petition to modify the order entered August 8, 2001, so as to award him sole custody of the child. In an order dated July 6, 2009, the Family Court awarded joint legal custody of the child to the parties, with residential custody to the father. In 2010, the mother filed a petition to modify the order dated July 6, 2009, so as to, among other things, award her sole custody of the child.

In an order dated July 15, 2010, entered on the consent of the parties, the Family Court awarded residential custody of the

child to the mother on the condition that the mother would ensure that the child reside at a residence other than that of the maternal grandparents. In May 2013, the father filed a petition to modify the order dated July 15, 2010, so as to award him sole custody of the child. The father alleged, among other things, that since the issuance of the order dated July 15, 2010, the mother had moved with the child to live at the residence of the maternal grandparents, in contravention of that order.

In an order dated December 11, 2013, made after a hearing, the Family Court granted the father's petition to modify the order dated July 15, 2010, so as to award him sole custody of the child. The mother appeals from that order.

On appeal, new developments have been brought to this Court's attention by the attorney for the child, including that, shortly after the child moved to the father's home, she returned to live with the mother in the home of the maternal grandparents with the father's consent. Additionally, the father was arranging for his girlfriend, his girlfriend's daughter, and their new baby to live at his home, which was not disclosed at the subject hearing. "As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether the Family Court's determinations are still in the best interests of the children" (*Matter of Leval B. v Kiona E.*, 115 AD3d 665, 667 [2014]; *see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Gatke v Johnson*, 50 AD3d 798, 798 [2008]). Here, in light of the significant new developments brought to this Court's attention by the attorney for the child, the record is no longer sufficient to determine which arrangement is in the best interests of the child. Accordingly, we reverse the order and remit the matter to the Family Court, Suffolk County, for a reopened hearing, at which the new facts shall be considered, and a new custody determination rendered thereafter. We express no opinion as to the appropriate determination (*see Matter of Leval B. v Kiona E.*, 115 AD3d at 667). Rivera, J.P., Hinds-Radix, Duffy and LaSalle, JJ., concur.