■ In the Matter of STEPHEN POIT, Respondent, v KIMBERLY KOCHEM, Appellant. [20 NYS3d 585]—

Appeal from an order of the Family Court, Dutchess County (Meryl H. Guzman, Ct. Atty. Ref.), dated August 15, 2014. The order, insofar as appealed from, after a hearing, granted the father's petitions to enforce the provisions of a prior order of custody and visitation dated June 18, 2013, which change his supervised visitation with the subject child to unsupervised visitation, and to modify the order dated June 18, 2013, so as to expand his visitation time with the child.

Ordered that the order dated August 15, 2014, is reversed insofar as appealed from, on the law, without costs or disburse-

ments, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith; and it is further,

Ordered that in the interim, supervised visitation as set forth in the order dated June 18, 2013, shall continue.

In an order dated August 15, 2014, made after a hearing, the Family Court granted the father's petitions to enforce the provisions of a prior order of custody and visitation dated June 18, 2013, which change his supervised visitation with the subject child to unsupervised visitation, and to modify the order dated June 18, 2013, so as to expand his visitation time with the child. The mother appeals.

Although the record indicates that the father complied with certain conditions set forth in the prior order of custody and visitation dated June 18, 2013, which were required for him to progress to unsupervised visitation with the child, on appeal, new developments have been brought to this Court's attention by the attorney for the child, including that there is a criminal proceeding pending against the father in connection with his alleged violation of an order of protection granted in favor of the mother. Additionally, the attorney for the child indicates that the father is not having visitation time with the child at this time, and that an order was issued by the Family Court in April 2015 which would allow the father to have supervised visitation upon proof of, among other things, his compliance with the Department of Probation, including negative drug screenings.

"As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether the Family Court's determinations are still in the best interests of the children" (*Matter of Leval B. v Kiona E.*, 115 AD3d 665, 667 [2014]; *see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d 704, 705 [2014]; *Matter of Gatke v Johnson*, 50 AD3d 798, 798 [2008]). Here, in light of the significant new developments brought to this Court's attention by the attorney for the child, the record is no longer sufficient to determine whether unsupervised and expanded visitation with the father is currently in the best interests of the child. Accordingly, we reverse the order insofar as appealed from, and remit the matter to the Family Court, Dutchess County, for a reopened hearing, at which the new facts shall be considered, and a new visitation determination thereafter. We express no opinion as to the appropriate determination (*see Matter of Bosque v Blazejewski-*

*D'Amato*, 123 AD3d at 705; *Matter of Leval B. v Kiona E.*, 115 AD3d at 667). Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.