Matter of Pinero v Patrick (2019 NY Slip Op 07785)





Matter of Pinero v Patrick


2019 NY Slip Op 07785


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-10353
 (Docket Nos. V-3148-15/18A, O-1434-18)

[*1]In the Matter of Carlos Pinero, respondent,
v
Kimberly Patrick, appellant.


Randy I. Siper, Montgomery, NY, for appellant.
Richard L. Herzfeld, New York, NY, for respondent.
Karen M. Jansen, White Plains, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Victoria B. Campbell, J.), dated August 22, 2018. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a prior order so as to award him sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were not married, have one child together, born in 2011. A prior order of the Family Court provided that the mother would have physical custody of the child, while the parties shared joint legal custody. In April 2018, the father filed the instant petition, seeking to modify the prior order so as to award him sole legal and physical custody of the child. After a hearing on the petition, the court found that the mother's boyfriend had physically abused the child, and that the mother knew or should have known about the abuse, but did not protect the child. In an order dated August 22, 2018, the court, inter alia, granted the father's petition and awarded him sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
A party seeking modification of an existing custody order must make a showing "that there has been a subsequent change of circumstances and modification is required" (Family Ct Act § 652[b][ii]). The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Domestic Relations Law § 70[a]; Eschbach v Eschbach, 56 NY2d 167, 171; Friederwitzer v Friederwitzer, 55 NY2d 89, 95; Matter of Olivieri v Olivieri, 170 AD3d 849, 850). Since any determination related to custody depends upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties, its findings are generally accorded great respect and will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Fitzgerald v Fitzgerald, 172 AD3d 713, 714; Matter of Wright v Perry, 169 AD3d 910, 912; Matter of Cabano v Petrella, 169 AD3d 901, 902). Here, the Family Court's findings that there was a change in circumstances and that, under the totality of the circumstances, awarding the father sole legal and physical custody of the child was in the child's best interests have a sound and substantial basis in [*2]the record and will not be disturbed.
The mother's contention that the Family Court erred in considering a mental health evaluation is raised for the first time on appeal and is not preserved for appellate review (see Matter of Lucinda A. [Luba A.], 120 AD3d 492, 494). In any event, the mother had the opportunity to cross-examine the psychologist who authored the report and rebut her findings (see Matter of Raymond v Raymond, 174 AD3d 625).
While this Court in child custody matters may consider new developments, outside the record, where these developments "render the record on appeal insufficient to review whether the Family Court's determinations are still in the best interests of the children" (Matter of Leval B. v Kiona E., 115 AD3d 665, 667; see Matter of Latham v Savage, 158 AD3d 629, 630), the "new facts" proffered by the attorney for the child here are not of the sort which would render the record insufficient.
Accordingly, we affirm the order insofar as appealed from.
AUSTIN, J.P., DUFFY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court