Brin v Shady (2020 NY Slip Op 00256)





Brin v Shady


2020 NY Slip Op 00256


Decided on January 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-00903
 (Index No. 28285/04)

[*1]Heather Brin, appellant, 
v
Magdy S. Shady, respondent.


Feldman and Feldman, Uniondale, NY (Steven A. Feldman and Arza Rayches Feldman of counsel), for appellant.
Gassman Baimonte Gruner, P.C., Garden City, NY (Rosalia Baiamonte and Deborah A. Kelly of counsel), for respondent.
David M. Johnson, Patchogue, NY, attorney for the child.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by judgment dated September 12, 2007, the plaintiff appeals from an order of the Supreme Court, Suffolk County (James F. Quinn, J.), dated November 5, 2018. The order, insofar as appealed from, without a hearing, (1) granted those branches of the defendant's cross motion which were, in effect, to modify certain provisions of a stipulation of settlement dated May 8, 2007, which was incorporated but not merged into the judgment of divorce, (a) so as to award the defendant sole legal custody of the parties' child, and (b) to the extent of directing that parental access between the plaintiff and the child "shall take place in accordance with [the child's] preferences," (2) granted that branch of the defendant's separate motion which was to modify the stipulation of settlement dated May 8, 2007, so as to require the plaintiff to contribute (a) 25% of the unreimbursed and uninsured costs pertaining to the child's medical, dental, prescription pharmaceutical, and all other health-related expenses, and (b) 25% of the child's future college expenses, (3) granted the defendant's separate motion for a restraining order prohibiting the plaintiff from "interfering with [the child's] life at school," (4) granted the defendant's separate motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees to the extent of directing the plaintiff to pay the sum of $70,000 to the defendant, and (5) denied those branches of the plaintiff's cross motion which were (a) to direct therapeutic counseling between the plaintiff and the child, and (b) for an award of counsel fees pursuant to Domestic Relations Law § 237(b).
ORDERED that the order is reversed insofar as appealed from, on the law, on the facts, and in the exercise of discretion, with costs, the defendant's motion pursuant to 22 NYCRR 130-1.1 for an award of counsel fees is denied, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings relating to that branch of the defendant's separate motion which was to modify certain child support provisions of the stipulation of settlement, the defendant's separate motion for a restraining order, and the subject branches of the parties' respective cross motions in accordance herewith; and it is further,
ORDERED that pending a new determination of that branch of the defendant's cross motion which was, in effect, to modify the stipulation of settlement dated May 8, 2007, so as to award him sole legal custody of the parties' child, or further order of the Supreme Court, Suffolk [*2]County, the defendant shall maintain sole legal custody of the child; and it is further,
ORDERED that pending a new determination of the defendant's separate motion for a restraining order prohibiting the plaintiff from interfering with the child's education and life at boarding school, or further order of the Supreme Court, Suffolk County, the plaintiff is directed to refrain from interfering with the child's education and life at boarding school, including but not limited to the following: (1) the plaintiff is prohibited and restrained from contacting the child's current school or prospective future schools, including school officials, administrators, professors, teachers and/or staff; (2) the plaintiff is prohibited and restrained from participating or appearing at any open house events, registrations, or interviews at the child's current school or prospective future schools; (3) the plaintiff is prohibited and restrained from being present at the child's current school or any other school the child wishes to consider, including for summer academic programs; and (4) the plaintiff is prohibited and restrained from contacting or communicating with the child's friends.
We disagree with the Supreme Court's determination (1) awarding the defendant sole legal custody of the parties' child, (2) denying that branch of the plaintiff's cross motion which was to direct therapeutic parental access with the child, (3) directing that parental access between the plaintiff and the child "shall take place in accordance with [the child's] preferences," and (4) granting the defendant's motion for a restraining order prohibiting the plaintiff from interfering with the child's life at school, without first conducting an evidentiary hearing.
The Court of Appeals has stated that custody determinations should "[g]enerally" be made "only after a full and plenary hearing and inquiry" (Obey v Degling, 37 NY2d 768, 770; see S.L. v J.R., 27 NY3d 558, 563). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Eschbach v Eschbach, 56 NY2d 167, 171). Although the Court of Appeals has declined "to fashion a . . . rule mandating a hearing in every custody case statewide" (S.L. v J.R., 27 NY3d at 564), it has nevertheless held that "[w]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (id.).
Here, the record demonstrates unresolved factual issues so as to require a hearing on the issues of custody and parental access (see id. at 562; Matter of DiSisto v Dimitri, 173 AD3d 863, 863-864). Moreover, in making its custody and parental access determination, the Supreme Court relied on the hearsay statements and conclusions of the forensic evaluator, whose opinions and credibility were untested by either party (see Matter of Migliore v Santiago, 165 AD3d 942, 944; Matter of Jennifer J.H. v Artrieo J.R., 148 AD3d 809, 810). Under the circumstances, the matter must be remitted to the Supreme Court, Suffolk County, for a hearing and new determination on (1) those branches of the defendant's cross motion which were, in effect, to modify the custody and parental access provisions of the parties' stipulation of settlement dated May 8, 2007, (2) the defendant's separate motion for a restraining order, and (3) that branch of the plaintiff's cross motion which was to direct therapeutic counseling between the plaintiff and the child (see e.g. Matter of Guy v Weichel, 173 AD3d 1028, 1030).
Given these unresolved issues relating to custody and parental access, and in the absence of an adequate inquiry into the parties' financial circumstances, the Supreme Court should not have granted that branch of the defendant's separate motion which was to modify the stipulation of settlement so as to require the plaintiff to contribute (a) 25% of the unreimbursed and uninsured costs pertaining to the child's medical, dental, prescription pharmaceutical, and all other health-related expenses, and (b) 25% of the child's future college expenses (see Matter of Fernandez v Saunders, 174 AD3d 531, 532-533; Cervera v Bressler, 50 AD3d 837, 840; Matter of Rueckert v Reilly, 282 AD2d 608, 609; Lepore v Lepore, 276 AD2d 677, 678).
Similarly, in exercising its discretionary power to award counsel fees (see Family Ct Act § 651[b]; Domestic Relations Law § 237[b]), "a court should review the financial circumstances of both parties together with all other circumstances of the case, which may include the relative merit of the parties' positions, as well as the tactics of a party in unnecessarily prolonging or complicating the litigation" (Tenaglia v Tenaglia, 134 AD3d 801, 803; see Matter of Yu Wei v Mathews, 165 AD3d 957, 958). Here, given the unresolved issues relating to custody and parental access, we [*3]disagree with the Supreme Court's summary denial of that branch of the plaintiff's cross motion which was for an award of counsel fees pursuant to Domestic Relations Law § 237(b) (see Matter of Yu Wei v Mathews, 165 AD3d at 958-959; Tenaglia v Tenaglia, 134 AD3d at 803).
Finally, pursuant to 22 NYCRR 130-1.1, sanctions may be imposed against a party or the party's attorney for frivolous conduct. Conduct is "frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1[c]). "A party seeking the imposition of a sanction or an award of an attorney's fee pursuant to 22 NYCRR 130-1.1(c) has the burden of proof" (Matter of Lebron v Lebron, 101 AD3d 1009, 1010-1011).
Here, contrary to the Supreme Court's determination, the defendant failed to establish that the plaintiff's conduct during the underlying motion practice was frivolous (see 22 NYCRR 130-1.1[c]). Accordingly, the court improvidently exercised its discretion in granting the defendant's separate motion which was pursuant to 22 NYCRR 130-1.1 for an award of counsel fees (see Marx v Rosalind & Joseph Gurwin Jewish Geriatric Ctr. of Long Is., Inc., 148 AD3d 696, 697; Genco v Genco, 124 AD3d 580, 581).
CHAMBERS, J.P., AUSTIN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court