Matter of Fouyalle v Jackson (2020 NY Slip Op 05749)





Matter of Fouyalle v Jackson


2020 NY Slip Op 05749


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
ROBERT J. MILLER
BETSY BARROS, JJ.


2019-04203
 (Docket Nos. V-06236-15/17A, V-06236-15/17B)

[*1]In the Matter of Guy Fouyalle, appellant,
v
Tamiko Jackson, respondent. (Proceeding No. 1.)
In the Matter of Tamiko Africa Jackson, respondent,
v
Guy Fouyalle, appellant. (Proceeding No. 2.)


Hani M. Moskowitz, Garden City, NY, for appellant.
Gemelli Gross & Dujmic, P.C., Forest Hills, NY (Josephine M. Marino and David M. Gross of counsel), for respondent.
John M. Zenir, Garden City, NY, attorney for the child.



DECISION & ORDER
In two related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated March 25, 2019. The order, without a hearing, granted the mother's petition to modify a prior order of parental access dated March 22, 2016, so as to suspend parental access between the father and the subject child and denied the father's petition to enforce the prior order.
ORDERED that the order dated March 25, 2019, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, to expeditiously conduct a hearing and for a new determination thereafter of the mother's petition and the father's petition; and it is further,
ORDERED that pending the hearing and new determination of the petitions, the provisions of the order dated March 25, 2019, shall remain in effect.
In 2015, the mother filed a custody petition seeking, inter alia, custody of the parties' child. In an order dated March 22, 2016 (hereinafter the 2016 order), the Family Court awarded the parties joint legal custody with residential custody to the mother and liberal parental access to the father. In November 2017, the mother and the father filed separate petitions concerning the 2016 order. The mother sought to modify the 2016 order to suspend parental access between the father and the child at the request of the then 11-year-old child, which application was supported by the attorney for the child. The father sought to enforce the 2016 order. The court granted the mother's petition, and denied the father's petition. The father appeals.
Custody and parental access determinations should "[g]enerally be made only after [*2]a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Matter of Guy v Weichel, 173 AD3d 1028, 1030). "The general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563). "Although the Court of Appeals has declined 'to fashion a . . . rule mandating a hearing in every custody case statewide' (S.L. v J.R., 27 NY3d at 564), it has nevertheless held that '[w]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required'" (Brin v Shady, 179 AD3d 760, 762, quoting S.L. v J.R., 27 NY3d at 564).
Here, the record demonstrates disputed factual issues so as to require a hearing on the issue of the father's parental access (see S.L. v J.R., 27 NY3d at 562; Brin v Shady, 179 AD3d at 762; Matter of DiSisto v Dimitri, 173 AD3d 863, 863-864). Moreover, the Family Court , in making its determination, without a hearing, to indefinitely suspend the father's parental access, relied upon the hearsay statements and conclusions of the forensic evaluator and the child's therapist, whose opinions and credibility were untested by the parties. Contrary to the contentions of the attorney for the child and the mother, the court's mere reliance upon "adequate relevant information," as opposed to admissible evidence, was erroneous (see S.L. v J.R., 27 NY3d at 564).
Accordingly, the matter must be remitted to the Family Court, Nassau County, to conduct a hearing and for a new determination thereafter of the mother's and the father's separate petitions.
The father's remaining contentions either need not be reached in light of our determination or are without merit.
RIVERA, J.P., DILLON, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court