Matter of Corcoran v Liebowitz (2020 NY Slip Op 08058)





Matter of Corcoran v Liebowitz


2020 NY Slip Op 08058


Decided on December 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-06679
 (Docket Nos. V-6875-17/18D, V-6875-17/18E, V-6876-17/18D, V-6876-17/18E)

[*1]In the Matter of Mariane Corcoran, respondent,
v
David Liebowitz, appellant. (Proceeding No. 1.)
In the Matter of David Liebowitz, appellant,
v
Mariane Corcoran, respondent. (Proceeding No. 2.)


Helene Migdon Greenberg, Elmsford, NY, for appellant.
Laura Daniels, Scarsdale, NY, for respondent.
Robin D. Carton, White Plains, NY, attorney for the child Grant L.
Jessica Bacal, Mount Kisco, NY, attorney for the child Cole L.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated May 9, 2019. The order, without a hearing, granted the mother's petition to modify an order of the same court dated January 3, 2018, so as to limit the father to supervised parental access with the parties' children, denied the father's petition to modify the order dated January 3, 2018, so as to award him sole legal and physical custody of one child and to increase his parental access with the other child, awarded the mother primary physical custody of the children, and awarded the father only supervised or therapeutic parental access with the children.
ORDERED that the order dated May 9, 2019, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing and a new determination thereafter of the mother's petition and the father's petition; and it is further,
ORDERED that pending the hearing and new determination of the petitions, the provisions of the order dated May 9, 2019, shall remain in effect.
The parties' stipulation of settlement, which was incorporated but not merged into their judgment of divorce, awarded the parties joint legal and physical custody of their two children and set forth a parental access schedule. In an order dated January 3, 2018, the Family Court modified the parties' parental access schedule. Thereafter, the mother filed a petition to modify the order dated January 3, 2018, so as to limit the father to supervised parental access with the children, and the father filed a petition to modify the order dated January 3, 2018, so as to award him sole [*2]legal and physical custody of one child and to increase his parental access with the other child. The court held nine conference appearances and conducted two in camera interviews with the children, but did not hold a plenary hearing to determine custody and parental access. The court granted the mother's petition, denied the father's petition, awarded the mother primary physical custody of the children, and awarded the father only supervised or therapeutic parental access. The father appeals.
"Custody determinations . . . require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the optimal result for the child" (S.L. v J.R., 27 NY3d 558, 563). Accordingly, "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (id. at 563, quoting Obey v Degling, 37 NY2d 768, 770; see Matter of Fouyalle v Jackson, 187 AD3d 907, 908). This rule "furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v. J.R., 27 NY3d at 563; see Matter of Fouyalle v Jackson, 187 AD3d at 908).
Although the Court of Appeals has "decline[d] . . . to fashion a 'one size fits all' rule mandating a hearing in every custody case statewide," it has cautioned that a court "opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (S.L. v. J.R., 27 NY3d at 564; see Brin v Shady, 179 AD3d 760, 762). The Court of Appeals has, therefore, criticized the "undefined and imprecise 'adequate relevant information' standard" as entailing "an unacceptably-high risk" of resulting in custody determinations that neither "conform to the best interest of a child" nor "adequately protect" a parent's "fundamental right . . . 'to control the upbringing of a child'" (S.L. v. J.R., 27 NY3d at 564, quoting Matter of Maxwell, 4 NY2d 429, 439). Accordingly, "[w]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (S.L. v. J.R., 27 NY3d at 564; see Matter of Fouyalle v Jackson, 187 AD3d at 908).
Here, the record demonstrates disputed factual issues so as to require a hearing on the issue of the father's parental access (see S.L. v J.R., 27 NY3d at 562; Brin v Shady, 179 AD3d at 762). Moreover, the Family Court, in making its determinations without a hearing, relied upon the hearsay statements and conclusions of the forensic evaluator, whose opinions and credibility were untested by the parties. Contrary to the contention of the mother and the attorneys for the children, "the court's mere reliance upon 'adequate relevant information,' as opposed to admissible evidence, was erroneous" (Matter of Fouyalle v Jackson, 187 AD3d at 909).
Accordingly, the matter should be remitted to the Family Court, Westchester County, for a hearing and a new determination thereafter of the mother's and the father's separate petitions (see id.; Matter of Salvi v Salvi, 178 AD3d 1054, 1055).
The remaining contentions raised by the mother and the attorney for the child Grant L. are without merit.
CHAMBERS, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court