Matter of Randall v Diaz (2022 NY Slip Op 05322)

Matter of Randall v Diaz

2022 NY Slip Op 05322

Decided on September 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-05404
 (Docket Nos. V-3966-20/20A, V-3967-20/20A)

[*1]In the Matter of Rushane Randall, petitioner-respondent,
v
Kimberley Diaz, appellant, Althea Brown-Randall, respondent-respondent.

Daniel L. Pagano, White Plains, NY, for appellant.
Carol Carozza, New Rochelle, NY, for petitioner-respondent.
George E. Reed, Jr., White Plains, NY, for respondent-respondent.
Lisa F. Colin, White Plains, NY, attorney for the child Rileigh R.
Julie A. Cherico, White Plains, NY, attorney for the child Raylynn R.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Nilda Morales Horowitz, J.), dated June 21, 2021. The order granted, without a hearing, the father's petition to modify a prior order of the Supreme Court, Westchester County (Susan M. Capeci, J.), dated March 7, 2017, so as, inter alia, to award him sole physical custody of the parties' children.
ORDERED that the order dated June 21, 2021, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for a hearing on the father's petition, consideration of new facts, and a new determination thereafter of the father's petition.
The father and the mother have two children in common. Pursuant to an order dated March 7, 2017, entered on consent, the mother, the father, and the paternal grandmother were awarded joint legal custody of the children, with sole physical custody to the paternal grandmother and parental access to the mother and the father. In July 2020, the father filed a petition to modify the order dated March 7, 2017, so as, inter alia, to award him sole physical custody of the children. In an order dated June 21, 2021, the Family Court, without holding a plenary hearing, granted the father's petition and, among other things, awarded the father sole physical custody of the children. The mother appeals.
"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Ross v Ross, 96 AD3d 856, 857 [internal quotation marks omitted]). "Custody determinations . . . require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the [*2]optimal result for the child" (S.L. v J.R., 27 NY3d 558, 563). Accordingly, "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (id. at 563, quoting Obey v Degling, 37 NY2d 768, 770; see Brin v Shady, 179 AD3d 760, 761-762). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Corcoran v Liebowitz, 189 AD3d 1579, 1580). "[W]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (S.L. v J.R., 27 NY3d at 564; see Matter of Fouyalle v Jackson, 187 AD3d 907, 908). While "[a] hearing is not necessary where the undisputed facts before the court are sufficient, in and of themselves, to support a modification of custody" (Loggia v Verardo, 167 AD3d 612, 613; see Matter of Alcantara v Garcia, 180 AD3d 1038, 1039; Matter of Vitucci v Radparvar, 173 AD3d 1191, 1192), "a court opting to forgo a plenary hearing must take care to clearly articulate which factors were—or were not—material to its determination, and the evidence supporting its decision" (S.L. v J.R., 27 NY3d at 564; see Indictor v Indictor, 192 AD3d 1089, 1091).
Here, the record demonstrates disputed factual issues so as to require a hearing on the issue of physical custody (see Matter of Merchant v Caldwell, 198 AD3d 782, 784; Matter of Corcoran v Liebowitz, 189 AD3d at 1581; Matter of Velez v Alvarez, 129 AD3d 1096, 1097). Moreover, the Family Court failed to articulate the factors and evidence material to its determination (see Indictor v Indictor, 192 AD3d at 1091; Matter of Lemon v Faison, 150 AD3d 1003, 1005).
Further, we note that on appeal, significant new developments were brought to this Court's attention by the attorneys for the children, including that the children are residing with the paternal grandmother (see generally Matter of Poit v Kochem, 134 AD3d 722, 723).
Accordingly, we remit the matter to the Family Court, Westchester County, for a hearing on the father's petition (see Matter of Corcoran v Liebowitz, 189 AD3d at 1581; Matter of Salvi v Salvi, 178 AD3d 1054, 1055; Matter of Aleman v Lansch, 158 AD3d 790, 793; Matter of Laureano v Wagner, 149 AD3d 745, 746; Matter of Chess v Lichtman, 147 AD3d 754, 756), consideration of new facts (see Matter of Poit v Kochem, 134 AD3d at 723), and a new determination thereafter of the father's petition (see Matter of Corcoran v Liebowitz, 189 AD3d at 1581; Matter of Salvi v Salvi, 178 AD3d at 1055; Matter of Poit v Kochem, 134 AD3d at 723).
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court