Matter of Dysko v Dysko (2023 NY Slip Op 00863)

Matter of Dysko v Dysko

2023 NY Slip Op 00863

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
HELEN VOUTSINAS, JJ.

2021-08894
 (Docket Nos. V-246-20, V-247-20)

[*1]In the Matter of Malgorzata Dysko, respondent,
v
Artur Dysko, appellant.

Heath J. Goldstein, Jamaica, NY, for appellant.
Rhea G. Friedman, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Eva D. Stein and Janet Neustaetter of counsel), attorney for the children.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated November 4, 2021. The order, without a hearing, granted the mother's petition for sole legal and physical custody of the parties' children, and suspended the father's parental access with the children until he enrolled in therapy.
ORDERED that the appeal from so much of the order as suspended the father's parental access with the children until he enrolled in therapy is dismissed as academic, without costs or disbursements; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County (IDV Part), to conduct a hearing and for a new determination thereafter on the mother's petition.
The father and the mother have two children in common. In February 2020, the mother filed a petition for sole legal and physical custody of the parties' children. In an order dated November 4, 2021, the Supreme Court, without a hearing, granted the mother's petition, awarded her sole legal and physical custody of the children, and suspended the father's parental access with the children until he enrolled in therapy. The father appeals.
The appeal from so much of the order as suspended the father's parental access with the children until he enrolled in therapy has been rendered academic by subsequent orders of the Supreme Court, and therefore, the appeal from that portion of the order must be dismissed (see Matter of Rigali v Kogan, 204 AD3d 918, 919; Matter of McKeever v Sclafani, 194 AD3d 938, 939).
"Custody determinations . . . require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the optimal result for the child" (S.L. v J.R., 27 NY3d 558, 563). Accordingly, "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (id. at 563, quoting Obey v Degling, 37 [*2]NY2d 768, 770; see Matter of Randall v Diaz, 208 AD3d 1330, 1331). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Randall v Diaz, 208 AD3d at 1331). "[W]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (S.L. v J.R., 27 NY3d at 564; see Matter of Fouyalle v Jackson, 187 AD3d 907, 908).
Here, the Supreme Court erred in making a final custody determination without a hearing and without inquiring into the best interests of the parties' children (see S.L. v J.R., 27 NY3d at 562; Matter of Randall v Diaz, 208 AD3d at 1331). Moreover, the court's mere reliance upon "adequate relevant information," as opposed to admissible evidence, was improper (S.L. v J.R., 27 NY3d at 564; see Matter of Fouyalle v Jackson, 187 AD3d at 908).
Accordingly, the matter must be remitted to the Supreme Court, Kings County (IDV Part), to conduct a hearing and for a new determination thereafter on the mother's petition.
DILLON, J.P., RIVERA, MALTESE and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court