Matter of McCabe v Truglio (2023 NY Slip Op 01299)

Matter of McCabe v Truglio

2023 NY Slip Op 01299

Decided on March 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
PAUL WOOTEN
BARRY E. WARHIT, JJ.

2021-08765
 (Docket No. V-442-19/20B)

[*1]In the Matter of Nicole McCabe, appellant,
v
Steven Truglio, respondent.

Geoffrey E. Chanin, Goshen, NY, for appellant.
Most & Schneid, P.C., White Plains, NY (Adam W. Schneid of counsel), for respondent.
Donald M. Card, Jr., Shelter Island, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Christine P. Krahulik, J.), dated November 5, 2021. The order, without a hearing, dismissed the mother's petition to modify the parental access provisions of an order of the same court dated June 20, 2019.
ORDERED that the order dated November 5, 2021, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for a hearing on the mother's petition and for a new determination thereafter of the petition.
The parties are the parents of the subject child, who was born in 2009. In an order dated June 20, 2019, upon the parties' consent, the mother was awarded, inter alia, supervised parental access with the child. In September 2020, the mother filed a petition to modify the parental access provisions of the June 20, 2019 order so as to, inter alia, allow her unsupervised parental access with the child. By order dated November 5, 2021, the Family Court, without a hearing, dismissed the mother's petition, and the mother appeals.
Custody and parental access determinations should "[g]enerally be made only after a full and plenary hearing and inquiry" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]; see Matter of Fouyalle v Jackson, 187 AD3d 907). "While the general right to a hearing in [parental access] cases is not absolute, where 'facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute,' a hearing is required" (Palazzola v Palazzola, 188 AD3d 1081, 1082, quoting S.L. v J.R., 27 NY3d at 564; see Matter of Cardona v McNeill, 199 AD3d 1002).
Here, the record demonstrates disputed factual issues so as to require a hearing on the issue of the mother's parental access (see S.L. v J.R., 27 NY3d at 562; Matter of Corcoran v Liebowitz, 189 AD3d 1579, 1581). Further, the Family Court, in making its determination without a hearing, relied upon the report of the forensic evaluator, which had not been admitted into evidence, and the evaluator's opinions and credibility were untested by the parties (see Matter of [*2]Corcoran v Liebowitz, 189 AD3d at 1581; Matter of Migliore v Santiago, 165 AD3d 942, 944). Accordingly, the order dated November 5, 2021, must be reversed and the matter remitted to the Family Court, Orange County, for a hearing on the mother's petition and a new determination thereafter of the petition.
CONNOLLY, J.P., CHAMBERS, WOOTEN and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court