Matter of Bendter v Elikwu (2023 NY Slip Op 01670)

Matter of Bendter v Elikwu

2023 NY Slip Op 01670

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER, JJ.

2021-08593
 (Docket No. V-523-19)

[*1]In the Matter of Urainia Bendter, respondent,
v
Ifechukwude Elikwu, appellant. Tammi D. Pere, Jamaica, NY, for appellant. Mark Diamond, Pound Ridge, NY, for respondent.

Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated November 9, 2021. The order, insofar as appealed from, without a hearing, granted the mother's petition for custody of the parties' child.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing and a new determination thereafter of the mother's petition for custody of the parties' child; and it is further,
ORDERED that pending the hearing and new determination of the mother's petition for custody, the provisions of the order dated November 9, 2021, shall remain in effect.
In 2019, the mother filed a petition for custody of the parties' child. In an order dated November 9, 2021, the Supreme Court, inter alia, without a hearing, granted the mother's petition and awarded her custody. The father appeals.
"Custody determinations . . . require a careful and comprehensive evaluation of the material facts and circumstances in order to permit the court to ascertain the optimal result for the child" (S.L. v J.R., 27 NY3d 558, 563). Accordingly, "custody determinations should '[g]enerally' be made 'only after a full and plenary hearing and inquiry'" (id. at 563, quoting Obey v Degling, 37 NY2d 768, 770; see Matter of Randall v Diaz, 208 AD3d 1330, 1331). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563; see Matter of Randall v Diaz, 208 AD3d at 1331). "[W]here . . . facts material to the best interest analysis, and the circumstances surrounding such facts, remain in dispute, a custody hearing is required" (S.L. v J.R., 27 NY3d at 564; see Matter of Fouyalle v Jackson, 187 AD3d 907, 908).
Here, the Supreme Court erred in making a final custody determination without a hearing and without inquiring into the best interests of the parties' child (see S.L. v J.R., 27 NY3d at 564; Matter of Randall v Diaz, 208 AD3d at 1331).
Accordingly, the matter must be remitted to the Supreme Court, Kings County, to conduct a hearing and for a new determination thereafter of the mother's custody petition (see Matter of Dysko v Dysko, ___ AD3d ___, 2023 NY Slip Op 00863 [2d Dept]).
The father's remaining contentions are without merit.
LASALLE, P.J., BARROS, BRATHWAITE NELSON and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court