█ In the Matter of JOSEPH F., SR., Appellant, v PATRICIA F., Respondent. [821 NYS2d 625]—

In related proceedings, inter alia, pursuant to Family Court Act article 6 to modify an order of custody and visitation of the Family Court, Orange County (Bivona, J.), dated October 20, 2003, and entered on the consent of the parties, which was incorporated but not merged into a judgment of divorce of the Supreme Court, Orange County (Owen, J.), dated February 11, 2004, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Bivona, J.), dated February 22, 2005, as, after a hearing, vacated the order of custody and visitation and awarded physical custody of the subject child, Joseph, Jr., to the father.

Ordered that the order is reversed insofar as appealed from, on the facts and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

"[W]here parents enter into an agreement concerning custody 'it will not be set aside unless there is a sufficient change in circumstances since the time of the stipulation and unless the modification of the custody agreement is in the best interests of the [child]' " (*Smoczkiewicz v Smoczkiewicz,* 2 AD3d 705, 706

[2003], quoting *Matter of Gaudette v Gaudette,* 262 AD2d 804, 805 [1999]; *see McNally v McNally,* 28 AD3d 526 [2006]; *see also* Family Ct Act § 652 [b]; *Matter of Wilson v McGlinchey,* 2 NY3d 375, 380-381 [2004]). In assessing whether the alleged changed circumstances warrant a change in custody, "[r]elevant considerations include whether the alleged change implicates the fitness of one of the parties . . . , the nature and quality of the relationships between the child and the parties . . . and the existence of a prior agreement" (*Matter of Wilson v McGlinchey, supra* at 381 [internal quotation marks and citations omitted]).

Custody determinations are ordinarily a matter of discretion for the hearing court, and the determination will not be set aside on appeal unless it lacks a sound and substantial basis in the record (*see Matter of Ortiz v Maharaj,* 8 AD3d 574, 574 [2004]; *Matter of Pignataro v Davis,* 8 AD3d 487, 488 [2004]). Here, however, the father failed to make a showing that there had been a change in circumstances since the time of the stipulation and that it would be in the child's best interest to change residential custody from the mother to him. The Family Court thus erred in finding to the contrary. We note that the father's petition was served less than a year after the parties entered into the stipulation resulting in the order of custody and visitation dated October 20, 2003, and a mere six months after the date of the judgment of divorce incorporating that order (*see McNally v McNally, supra; Smoczkiewicz v Smoczkiewicz, supra*).

While there may not have been a substantial lapse of time between the date of the stipulation and the filing of the father's custody petition to warrant a finding of changed circumstances at the time the father's petition was considered by the Family Court, a sufficient amount of time has now elapsed as to warrant consideration of the issue of whether a change of circumstances has occurred. Because the standard ultimately to be applied remains what is in the best interest of the child, which is to be determined based on the totality of circumstances (*see Matter of Wilson v McGlinchey, supra* at 381; *see also Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]; *Rodriguez v Irizarry,* 29 AD3d 704 [2006]; *Matter of Abranko v Vargas,* 26 AD3d 490, 491 [2006]; *Matter of Grossman v Grossman,* 5 AD3d 486 [2004]), we cannot ignore the additional lapse of time which has occurred during the appellate process, and the possibility that circumstances have indeed changed.

Thus, under the circumstances of this case, and in light of the time that has elapsed and the pace of the psychological development of the child whose best interest is the primary concern, we

conclude that "the record before us is no longer sufficient for determining" the ultimate issues presented (*Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Wesley R.*, 307 AD2d 360, 363-364 [2003]; *see* Family Ct Act §§ 631, 632, former § 1055-a [6], [7]; *Matter of Star Leslie W.*, 63 NY2d 136, 147-148 [1984]; *Matter of Marc David D.*, 20 AD3d 565, 567 [2005]; *cf. Matter of Anna Marie G.*, 29 AD3d 992 [2006]). Accordingly, the matter must be remitted to the Family Court, Orange County, for a new hearing to determine whether, considering the best interest of the child, current circumstances support the child's continued residence with the father (*see Matter of Marc David D., supra* at 567). Miller, J.P., Luciano, Rivera and Spolzino, JJ., concur.