In the Matter of KIMBERLY FLEISCHMAN, Appellant, v JACQUELINE HALL, Respondent. [932 NYS2d 83]—

" '[O]nce the preferred status of the birth parent . . . has been lost by a judicial determination of extraordinary circumstances, the appropriate standard in addressing the possible modification of the prior order is whether there has been a change of circumstances requiring a modification of custody to ensure the best interests of the child' " (*Matter of Metcalf v Odums,* 35 AD3d 865, 866 [2006], quoting *Matter of Guinta v Doxtator,* 20 AD3d 47, 51 [2005]). Therefore, during the hearing on the mother's instant modification petition, the Family Court applied the appropriate standard, requiring the mother to establish a change of circumstances for a modification of custody to ensure the best interests of the child. Furthermore, there is a sound and substantial basis in the record to support the Family Court's determination that the mother failed to make such a showing for the period of time from the prior hearing through the date of her modification petition (*see Matter of Reed v*

*Clemons*, 79 AD3d 1044 [2010], citing *Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]).

However, while there may not have been a sufficient lapse of time between the date of the extraordinary circumstances determination and the date of the mother's modification petition to warrant a finding of changed circumstances at the time the mother's petition was considered by the Family Court, a sufficient amount of time has now elapsed to warrant consideration of the issue of whether such a finding is warranted (*see Matter of Joseph F. v Patricia F.*, 32 AD3d 938, 939 [2006]). Indeed, during the hearing on the instant petition, the Family Court limited the testimony to facts occurring between July 31, 2009, the date of the extraordinary circumstances determination, and September 10, 2009, the date of the mother's modification petition.

Since the standard ultimately to be applied remains what is in the best interests of the child, which is to be determined based on the totality of circumstances, we cannot ignore the additional lapse of time which has occurred, including during the appellate process, and the possibility that circumstances have indeed changed (*id.* at 939).

Thus, under the particular circumstances of this case, "and in light of the time that has elapsed and the pace of the psychological development of the child whose best interest[s] is the primary concern, we conclude that the record before us is no longer sufficient for determining the ultimate issues presented" (*id.* at 939-940 [internal quotation marks omitted]; *see Matter of Michael B.*, 80 NY2d 299, 318 [1992]). Accordingly, the matter must be remitted to the Family Court, Suffolk County, for a new hearing to determine whether, considering the best interests of the child, current circumstances support the child's continued custody with the respondent. Mastro, J.P., Eng, Belen and Hall, JJ., concur.