■ In the Matter of AMANDA TAVARES, Appellant, v ANTOINE J. BARRINGTON, Respondent. GIOVANNI XAVIER BARRINGTON, Nonparty Appellant. [14 NYS3d 919]—

Appeal from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated June 5, 2014. The order, insofar as appealed from, after a hearing, denied the mother's petition to relocate with the subject child to Texas.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for further proceedings in accordance herewith.

In this proceeding, the mother, who has physical custody of the parties' child, filed a petition seeking to relocate with the child to Texas. More than one year has elapsed since the Family Court conducted the hearing on the mother's petition. In that time, the attorney for the child, who initially opposed the relocation, has changed his position and disclosed new information to this Court that was not before the Family Court. Since the standard ultimately to be applied remains what is in the best interests of the child, which is to be determined based on the totality of the circumstances, we cannot ignore the additional lapse of time which has occurred, including during the appellate process, and the possibility that the child's best interests have changed (*see Matter of Fleischman v Hall*, 88 AD3d 1000, 1000-1001 [2011]). Under the circumstances of this case, the record before us is no longer sufficient for determining the ultimate issue presented herein (*see Matter of Michael B.*, 80 NY2d 299, 318 [1992]; *Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d 704 [2014]; *Matter of Fleischman v Hall*, 88 AD3d 1000 [2011]). Accordingly, we remit the matter to the Family Court, Dutchess County, for a new hearing, including an in camera interview with the child (*see Matter of Lincoln v Lincoln*, 24 NY2d 270 [1969]), to be held with all convenient speed, and thereafter a new determination of whether, considering the best interests of the child, the mother should be permitted to relocate with the child to Texas (*see Matter of Fleischman v Hall*, 88 AD3d at 1001; *Matter of Joseph F. v Patricia F.*, 32 AD3d 938, 938-940 [2006]). Dillon, J.P., Dickerson, Cohen and Duffy, JJ., concur.