■ In the Matter of Janique Hutchinson, Respondent, v Phillip Johnson, Appellant. (Proceeding No. 1.) In the Matter

of PHILLIP JOHNSON, Appellant, v JANIQUE HUTCHINSON, Respondent. (Proceeding No. 2.) [23 NYS3d 279]—

Appeals from (1) a decision of the Family Court, Queens County (Margaret M. Mulrooney, Ct. Att. Ref.), dated August 8, 2013, and (2) an order of that court, also dated August 8, 2013. The order, after a hearing and upon the decision, insofar as appealed from, in effect, granted the mother's petition for sole legal and physical custody of the subject child and denied the father's petition for sole legal and physical custody of the subject child.

Ordered that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The parents of the subject child each sought custody of the child. After a hearing, the Family Court granted the mother's petition for sole legal and physical custody of the child, and denied the father's petition for sole legal and physical custody of the child.

In custody cases, the paramount concern is the best interests of the child under the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171-173 [1982]; Musachio v Musachio, 53 AD3d 600, 601-602 [2008]; Mohen v Mohen, 53 AD3d 471, 472-473 [2008]). In making a determination as to what custody arrangement is in the child's best interest, the court should consider several factors. These factors include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Miller v Pipia, 297 AD2d 362, 364 [2002]; see Mohen v Mohen, 53 AD3d at 472-473). The court should also consider the child's wishes, weighed in light of the age and maturity of the child (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Langlaise v Sookhan, 48 AD3d 685 [2008]). In custody disputes, the opinions of forensic experts should "not be readily set aside" unless contradicted by the record (Bains v Bains, 308 AD2d 557, 558 [2003]; see Young v Young, 212 AD2d 114 [1995]).

A custody determination depends greatly upon an assessment of the character and credibility of the parties and witnesses (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *Matter of Langlaise v Sookhan*, 48 AD3d at 685). The hearing court's credibility findings are generally accorded great deference on appeal, and its determination "should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Perez v Martinez*, 52 AD3d at 519; *see Eschbach v Eschbach*, 56 NY2d at 173-174).

Under the totality of the circumstances presented here, the Family Court did not improvidently exercise its discretion in awarding sole legal and physical custody of the subject child to the mother (*see Matter of Florio v Niven*, 123 AD3d 708, 710-711 [2014]; *Matter of Felty v Felty*, 108 AD3d 705 [2013]; *see also Matter of Salvati v Salvati*, 221 AD2d 541, 543 [1995]). Chambers, J.P., Hall, Austin and Barros, JJ., concur.