■ In the Matter of DARLINE BAPTISTE, Respondent, v ERICK GREGOIRE, Appellant. (Proceeding No. 1.) In the Matter of ERICK GREGOIRE, Appellant, v DARLINE BAPTISTE, Respondent. (Proceeding No. 2.) [33 NYS3d 342]—

Appeal from an order of the Family Court, Kings County (Michael L. Katz, J.), dated June 6, 2014. The order, after a hearing, in effect, granted the mother's petition for sole custody of the subject child and denied that branch of the father's petition which was for sole custody of the subject child.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a new hearing to be conducted with all deliberate speed, but in no event later than 30 days from the date of this decision and order, and a new determination of the petitions thereafter, in accordance herewith.

The parties are the parents of the subject child. The mother petitioned for sole custody of the child. The father separately petitioned for, inter alia, sole custody of the child. In an order dated June 6, 2014, the Family Court, inter alia, awarded the mother sole legal and physical custody of the child. The father appeals.

In custody cases, the paramount concern is the best interests of the child under the totality of the circumstances (*see Eschbach v Eschbach*, 56 NY2d 167, 171-173 [1982]; *Matter of Hutchinson v Johnson*, 134 AD3d 1115 [2015]; *Musachio v Musachio*, 53 AD3d 600, 601-602 [2008]; *Mohen v Mohen*, 53 AD3d 471, 472-473 [2008]). "In making a determination as to what custody arrangement is in the child's best interest, the court should consider several factors" (*Matter of Hutchinson v Johnson*, 134 AD3d at 1116). These factors include "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Miller v Pipia*, 297 AD2d 362, 364 [2002]; *see Mohen v Mohen*, 53 AD3d at 472-473). The court should also consider the child's wishes, weighed in light of the age and maturity of the child (*see Eschbach v Eschbach*, 56 NY2d at 173; *Matter of Langlaise v Sookhan*, 48 AD3d 685 [2008]). In custody disputes, the opinions of forensic experts should "not be readily set aside" unless contradicted by the record (*Bains v Bains*, 308 AD2d 557, 558 [2003]; *see Young v Young*, 212 AD2d 114 [1995]).

A custody determination depends greatly upon an assessment of the character and credibility of the parties and witnesses (*see Eschbach v Eschbach*, 56 NY2d at 173-174; *Matter of Perez v Martinez*, 52 AD3d 518, 519 [2008]; *Matter of Langlaise v Sookhan*, 48 AD3d at 685). The hearing court's credibility findings are generally accorded great deference on appeal, and its determination "should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Perez v Martinez*, 52 AD3d at 519; *see Eschbach v Eschbach*, 56 NY2d at 173-174).

Here, new developments have arisen since the date the order appealed from was issued, which have been brought to this Court's attention by the attorney for the child. These developments include the mother's denial of court-ordered visitation and contact between the father and the child since entry of the order appealed from. "As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render the record on appeal insufficient to review whether the Family Court's determinations are still in the best interests of the children" (*Matter of Leval B. v Kiona E.*, 115 AD3d 665, 667 [2014]; *see Matter of*

*Michael B.*, 80 NY2d 299, 317 [1992]; *Matter of Poit v Kochem*, 134 AD3d 722, 723 [2015]; *Matter of Tavares v Barrington*, 131 AD3d 619, 620 [2015]; *Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d 704, 705 [2014]). Here, in light of the serious allegations brought to this Court's attention by the attorney for the child, the record is no longer sufficient to determine whether awarding the mother sole legal and physical custody of the child is currently in the best interests of the child. Accordingly, we reverse the order and remit the matter to the Family Court, Kings County, for a new hearing and a new determination on the petitions thereafter. We express no opinion as to the appropriate determination (*see Matter of Poit v Kochem*, 134 AD3d at 723; *Matter of Bosque v Blazejewski-D'Amato*, 123 AD3d at 705; *Matter of Leval B. v Kiona E.*, 115 AD3d at 667). Chambers, J.P., Austin, Sgroi and Duffy, JJ., concur.