Matter of Veras v Padilla (2018 NY Slip Op 03530)





Matter of Veras v Padilla


2018 NY Slip Op 03530


Decided on May 16, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-10279
2016-10280
 (Docket Nos. V-5194-15, V-5195-15, V-10002-15, V-10003-15)

[*1]In the Matter of Carmen S. Veras, appellant, 
v
Eddie Padilla, respondent. (Proceeding No. 1) In the Matter of Eddie Padilla, respondent, Carmen S. Veras, appellant. (Proceeding No. 2)


Steven P. Forbes, Jamaica, NY, for appellant.
David Laniado, Cedarhurst, NY, for respondent.
Esther Kind, Fresh Meadows, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the maternal aunt appeals from (1) a decision of the Family Court, Queens County (Craig Ramseur, Ct. Atty. Ref.), dated September 7, 2016, and (2) an order of the same court, also dated September 7, 2016. The order, upon the decision, made after a hearing, dismissed the maternal aunt's custody petition for lack of standing.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Matter of Ania N. [Marzena N.], 138 AD3d 862; Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for an expedited hearing and a new determination as to whether the aunt has standing to seek custody of the children based on the existence of extraordinary circumstances and, if warranted, a determination on the merits of her custody petition.
Prior to her death, the mother had sole custody of the subject children. Following the mother's death, the children moved into the maternal aunt's home, and the maternal aunt filed a petition for custody of the children. The father also filed a custody petition. After a hearing, the Family Court dismissed the aunt's petition on the ground that she lacked standing to seek custody, and awarded sole custody of the children to the father. The aunt appeals.
On this appeal, "[w]e have no occasion to apply the proper legal test to the facts at [*2]hand" (Matter of Michael B., 80 NY2d 299, 317). This Court has been informed by the attorney for the children that, during the pendency of the appeal, a child protective proceeding pursuant to Family Court Act article 10 was commenced against the father, and the children were ordered removed from the father's care based upon allegations of, inter alia, domestic violence, inadequate housing, and threats made by the father to the Administration for Children's Services, which resulted in the arrest and incarceration of the father. Although these new allegations are dehors the record, they are considered in these child custody proceedings to the extent they indicate that the record before us may no longer be sufficient for determining the father's fitness and right to custody of the children (see id. at 317-318; Matter of Baptiste v Gregoire, 140 AD3d 746, 747-748). The new circumstances require remittal to the Family Court for an expedited hearing and a new determination as to whether the aunt has standing to seek custody of the children based on the existence of extraordinary circumstances and, if warranted, a determination on the merits of her custody petition.
Accordingly, we remit the matter to the Family Court, Queens County, for a hearing and determination on those issues. We express no opinion as to the appropriate determination (see Matter of Baptiste v Gregoire, 140 AD3d at 748).
MASTRO, J.P., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court