Matter of Colin M. v Panna B. (2022 NY Slip Op 06928)

Matter of Colin M. v Panna B.

2022 NY Slip Op 06928

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-04200
 (Docket No. V-3659-20/20A)

[*1]In the Matter of Colin M. (Anonymous), petitioner- respondent, 
v
Panna B. (Anonymous), respondent-respondent; Sivani J. M. (Anonymous), nonparty-appellant.

Francine H. Moss, Ronkonkoma, NY, attorney for the child, the nonparty-appellant.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the subject child appeals, by permission, from an order of the Family Court, Suffolk County (James W. Malone, J.), dated May 21, 2021. The order temporarily transferred residential custody of the parties' child to the father during the pendency of the proceeding.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for an expedited hearing, and a final determination on the issue of custody after a full hearing, in accordance herewith; and it is further,
ORDERED that pending a full hearing and final determination on the issue of custody, residential custody of the child shall remain with the mother.
The parties are the parents of the subject child, who was born in December 2009. In connection with their divorce in or around 2012, the parties agreed that they would share joint legal custody of the child, that the mother would have residential custody, and that the father would have certain parental access.
On or about March 9, 2020, the father commenced this proceeding to modify a prior order of custody of the Supreme Court, Suffolk County, so as to award him sole custody of the parties' child. During the pendency of the proceeding, by order dated May 21, 2021, the Family Court temporarily transferred residential custody of the child to the father until further order of the court. The child appeals. We reverse.
"'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Rosado v Rosado, 136 AD3d 927, 928, quoting Matter of Gooler v Gooler, 107 AD3d 712, 712 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). Here, new developments have arisen since the order appealed from was issued, which have been brought to this Court's attention by the attorney for the child, including updates provided during oral argument. These new developments include ongoing allegations that the father abused the child and the child's continued residence with the mother. As the Court of Appeals has recognized, changed circumstances may have particular [*2]significance in child custody matters and may render a record on appeal insufficient to review whether the Family Court's determination is still in the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318; Matter of Baptiste v Gregoire, 140 AD3d 746, 748). In light of the new developments brought to this Court's attention, the record is no longer sufficient to review whether the Family Court's determination temporarily transferring custody from the mother to the father is in the best interests of the child (see Matter of Veras v Padilla, 161 AD3d 989, 990; Matter of Baptiste v Gregoire, 140 AD3d at 748).
Accordingly, we remit the matter to the Family Court, Suffolk County, for a full, expedited hearing and a final determination as to custody thereafter. We express no opinion as to the appropriate determination (see Matter of Baptiste v Gregoire, 140 AD3d at 748).
During the pendency of these proceedings, residential custody of the child shall remain with the mother.
IANNACCI, J.P., MILLER, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court