Matter of Martynchuk v Vasylkovska (2024 NY Slip Op 00313)

Matter of Martynchuk v Vasylkovska

2024 NY Slip Op 00313

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LAURENCE L. LOVE, JJ.

2022-02414
 (Docket Nos. V-8782-18/19A, V-13301-18/19A)

[*1]In the Matter of Andriy Martynchuk, appellant,
v
Iryna Vasylkovska, respondent.

Steven P. Forbes, Huntington, NY, for appellant.
Tsiring & Feldman, P.C., Brooklyn, NY (Galina Feldman and Darina Prokopets of counsel), for respondent.
Liberty Aldrich, Brooklyn, NY (Eva D. Stein, Janet Neustaetter, and Maura McCarthy of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Michele R. Titus, J.), dated March 3, 2022. The order, after a hearing on the threshold issue of whether there had been a sufficient change in circumstances, granted that branch of the mother's motion which was to dismiss the father's amended petition to modify a prior order of the same court (Rupert V. Barry, J.) dated April 22, 2019, entered upon the consent of the parties, awarding the mother sole legal and physical custody of the parties' child and awarding the father parental access of four hours per week.
ORDERED that the order dated March 3, 2022, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for an expedited hearing and a new determination consistent herewith of that branch of the mother's motion which was to dismiss the father's amended petition, and, if warranted thereafter, for further proceedings on the father's amended petition and a final determination thereof in accordance herewith.
The parties are the parents of one child born in April 2015. In April 2019, the parties executed a stipulation of custody and parental access, wherein they agreed, inter alia, that the mother would have sole physical and legal custody of the child and the father would have four hours per week of parental access with the child. The stipulation was thereafter so-ordered by the Family Court. By order dated April 22, 2019 (hereinafter the April 2019 order), the court awarded the mother sole physical and legal custody of the child and awarded the father parental access of four hours per week pursuant to the parties' stipulation.
In December 2019, the father filed a petition to modify the April 2019 order. The petition, as amended, asserted, inter alia, that a modification of the April 2019 order so as to increase the father's parental access with the child was necessary due to a change in circumstances, in that the father agreed to the limited parental access schedule set forth in the April 2019 order to develop a relationship with the child, and that, since that time, the father and the child have developed a [*2]meaningful relationship. The amended petition further alleged that the father wished to further develop his relationship with the child, that expanded parental access would promote the parent-child relationship and give the father and the child an opportunity to engage in more meaningful activities, and that the mother had interfered with the father's relationship with the child. The mother moved, among other things, to dismiss the father's amended petition. The Family Court held a hearing on the threshold issue of whether there had been a sufficient change in circumstances to warrant a modification of the April 2019 order. After the hearing, in an order dated March 3, 2022, the court granted that branch of the mother's motion which was to dismiss the father's amended petition. The father appeals.
"'The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child'" (Matter of Rosado v Rosado, 136 AD3d 927, 928, quoting Matter of Gooler v Gooler, 107 AD3d 712, 712; see Eschbach v Eschbach, 56 NY2d 167, 171). Here, new developments since the time the March 3, 2022 order was issued have been brought to this Court's attention by the attorney for the child, including, among other things, that the child, who was four years old at the time the petition was filed, is now eight years old and has expressed a desire to spend more time with the father. As the Court of Appeals recognized, changed circumstances may have particular significance in child custody matters and may render a record on appeal insufficient to review whether the Family Court's determination is still in the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318; Matter of Baptiste v Gregoire, 140 AD3d 746, 748). Here, we cannot ignore the four-year lapse of time that has occurred, including the two-year period of time between the filing of the father's original petition and the hearing on his amended petition, and the possibility that the child's best interests may have changed (see Matter of Tavares v Barrington, 131 AD3d 619; Matter of Fleischman v Hall, 88 AD3d 1000, 1000-1001).
Thus, under the particular circumstances of this case, since the best interests of the child are paramount, which must be determined based on the totality of the circumstances, "and in light of the time that has elapsed and the pace of the psychological development of the child whose best interest[s] are the primary concern, we conclude that the record before us is no longer sufficient for determining the ultimate issues presented" (Matter of Joseph F. v Patricia F., 32 AD3d 938, 939-940 [internal quotation marks omitted]; see Matter of Michael B., 80 NY2d at 318; Matter of Fleischman v Hall, 88 AD3d 1000).
Accordingly, the matter must be remitted to the Family Court, Kings County, for a new hearing to determine whether, considering the best interests of the child, current circumstances support the continued parental access arrangement of four hours per week with the father.
DUFFY, J.P., MILLER, WOOTEN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court