Matter of Allen v Courtney (2024 NY Slip Op 00702)

Matter of Allen v Courtney

2024 NY Slip Op 00702

Decided on February 9, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 9, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., BANNISTER, GREENWOOD, AND KEANE, JJ.

65 CAF 22-01329

[*1]IN THE MATTER OF ANDREW M. ALLEN, PETITIONER-RESPONDENT,
v
SARA L. COURTNEY, RESPONDENT-APPELLANT. MATTHEW R. ST. MARTIN, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. (APPEAL NO. 1.) 

THOMAS L. PELYCH, HORNELL, FOR RESPONDENT-APPELLANT.
MATTHEW R. ST. MARTIN, NEWARK, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.

 Appeals from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered April 12, 2022, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner permission to relocate to Wisconsin with the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Wayne County, for further proceedings in accordance with the following memorandum: In appeal No. 1, respondent-petitioner mother and the Attorney for the Child (AFC) appeal from an order that, inter alia, granted petitioner-respondent father permission to relocate to Wisconsin with the subject child. In appeal No. 2, the mother appeals from an order that dismissed without prejudice her petition seeking to modify the parties' prior order of custody by granting her primary physical custody of the child. Preliminarily, inasmuch as the mother fails to challenge any aspect of the order in appeal No. 2, we dismiss the appeal from that order as abandoned (see Matter of Jaime D. [Jacquelina D.], 170 AD3d 1584, 1585 [4th Dept 2019]).
The mother contends in appeal No. 1 that Family Court's determination that relocation is in the child's best interests lacks a sound and substantial basis in the record. The AFC has submitted new information to this Court indicating that the child has been living with the mother in New York since December 2023 with the father's consent. In addition, the mother has been awarded temporary custody of the child. This Court may "take notice of . . . new facts and allegations to the extent they indicate that the record before us is no longer sufficient for determining," as relevant here, whether relocation is in the child's best interests (Matter of Gunn v Gunn, 129 AD3d 1533, 1534 [4th Dept 2015] [internal quotation marks omitted]; see Matter of Michael B., 80 NY2d 299, 318 [1992]; see also Matter of Kennedy v Kennedy, 107 AD3d 1625, 1626 [4th Dept 2013]). In light of this new information, we reverse the order in appeal No. 1, and we remit the matter to Family Court for an expedited hearing and, thereafter, a new determination of whether, considering the best interests of the child, the father should be permitted to relocate with the child (see Matter of Tavares v Barrington, 131 AD3d 619, 620 [2d Dept 2015]; see generally Matter of Martin v Martin, 221 AD3d 1557, 1558 [4th Dept 2023]).
Entered: February 9, 2024
Ann Dillon Flynn
Clerk of the Court