Matter of Portillo v Arevalo-Narvaez (2026 NY Slip Op 01068)

Matter of Portillo v Arevalo-Narvaez

2026 NY Slip Op 01068

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-02417
 (Docket No. V-10946-23/23A)

[*1]In the Matter of Diego Portillo, respondent,
vKimberly E. Arevalo-Narvaez, appellant.

Brooklyn Defender Services (Jessica Marcus and Howell Shuster & Goldberg LLP, New York, NY [Daniel K. Phillips], of counsel), for appellant.
Brian Zimmerman, Brooklyn, NY, attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated February 5, 2024. The order, insofar as appealed from, after a hearing, granted the father's petition to modify a so-ordered stipulation of settlement dated February 10, 2022, so as to award him sole physical custody of the parties' child.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a reopened hearing and a new determination of the father's petition in accordance herewith; and it is further,
ORDERED that pending a final determination of the father's petition, or until further order of the Family Court, Kings County, the terms of the order dated February 5, 2024, shall remain in effect.
The parties, who were never married, are the parents of one child, born in 2018. On February 10, 2022, the parties entered into a so-ordered stipulation of settlement in which they agreed that the mother would have sole legal and physical custody of the child and set forth a parental access schedule. On May 25, 2023, the father filed a petition to modify the so-ordered stipulation of settlement so as to award him sole physical custody of the child. After a hearing, in an order dated February 5, 2024, the Family Court, among other things, granted the father's petition and awarded him sole physical custody of the child. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171). Here, new developments have arisen since the order appealed from was issued, which have been brought to this Court's attention by the attorney for the child. These developments include that the child now resides in the mother's care after the father relocated to Florida. As the Court of Appeals has recognized, changed circumstances may have particular significance in child custody matters and may render a record on appeal insufficient to review whether the Family Court's determination is still in the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318; [*2]Matter of Baptiste v Gregoire, 140 AD3d 746, 748). In light of the new developments brought to this Court's attention, the record is no longer sufficient to review whether the Family Court's determination transferring physical custody of the child from the mother to the father is in the best interests of the child (see Matter of Myers v Denning, 241 AD3d 688; Matter of Martynchuk v Vasylkovska, 223 AD3d 819).
Accordingly, we remit the matter to the Family Court, Kings County, for a reopened hearing to consider these new facts and thereafter a new determination of the father's petition. In so doing, we express no opinion as to the appropriate determination (see Matter of Baptiste v Gregoire, 140 AD3d at 748).
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court