Matter of Dossantos v Rinck
2026 NY Slip Op 03796
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Alexia Dossantos, appellant,
v
Robert Rinck II, respondent. (Proceeding No. 1)
In the Matter of Robert Rinck II, respondent,
Alexia Dossantos, appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2024-06460, (Docket Nos. V-3154-23/23A, V-9571-23/23A)
Colleen D. Duffy, J.P.
Lara J. Genovesi
Deborah A. Dowling
James P. McCormack, JJ.

Feldman & Friedman, PLLC, Garden City, NY (Jennifer Moran of counsel), for appellant.
Barrows Levy, PLLC, Garden City, NY (Michael C. Barrows of counsel), for respondent.
Kellie M. Stabile, Garden City, NY, attorney for the child.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Robert Lopresti, Ct. Atty. Ref.), dated June 28, 2024. The order, after a hearing, denied the mother's petition, in effect, to modify an order of the Family Court, Suffolk County, dated March 28, 2019, so as to allow her to relocate with the parties' child from Florida to New York, and granted the father's petition to modify the order dated March 28, 2019, to the extent of awarding primary residential custody of the parties' child to the father in Florida in the event that the mother did not return to live in Florida.
ORDERED that the order dated June 28, 2024, is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for an expedited hearing and a new determination of the mother's petition and the father's petition, and it is further,
ORDERED that, pending determination of the parties' petitions, or further order of the Family Court, Nassau County, the parties shall continue to comply with the terms of the decision and order on motion of this Court dated August 9, 2024.
The parties, who were not married, have one child together. Pursuant to an order dated March 28, 2019 (hereinafter the March 2019 order), which was entered on the consent of the parties, the parties were awarded joint legal custody of the child, the mother was awarded residential custody of the child, and the father was awarded certain parental access. Thereafter, in the summer of 2022, the mother, the father, and the child all moved to Florida together. Approximately seven months later, in March 2023, the mother returned to New York with the child and filed a petition to [*2]modify the March 2019 order, in effect, so as to allow her to relocate with the child from Florida to New York. Thereafter, the father filed a petition to modify the March 2019 order, inter alia, so as to award him primary residential custody of the child in Florida. In an order dated June 28, 2024 (hereinafter the June 2024 order), the Family Court, after a hearing, denied the mother's petition, and granted the father's petition to the extent of awarding primary residential custody of the child to the father in Florida in the event that the mother did not return to live in Florida. The mother appeals.
In adjudicating custody and parental access rights, the paramount concern is the best interests of the child, which requires an evaluation of the totality of the circumstances (see Eschbach v Eschbach, 56 NY2d 167, 171). Here, new developments since the time the June 2024 order was issued have been brought to this Court's attention by the attorney for the child during oral argument that render the record on appeal insufficient to review whether the Family Court's determination is still in the best interests of the child (see Matter of Michael B., 80 NY2d 299, 318; Matter of Myers v Denning, 241 AD3d 688).
Accordingly, we reverse the June 2024 order and remit the matter to the Family Court, Nassau County, for an expedited hearing and, thereafter, a new determination of the petitions that are the subject of this appeal. Pending determination of the parties' petitions, or further order of the Family Court, the parties shall continue to comply with the terms of the decision and order on motion of this Court dated August 9, 2024. We express no opinion as to the appropriate determination (see Matter of Baker v James, 210 AD3d 676, 678; Matter of Baptiste v Gregoire, 140 AD3d 746, 748).
DUFFY, J.P., GENOVESI, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court