Matter of Eliyahu W. v Sara C.W.
2026 NY Slip Op 03971
June 24, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Eliyahu W. (Anonymous), respondent,
v
Sara C. W. (Anonymous), appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 24, 2026
2023-12339, (Docket Nos. V-2238-19, V-2240-19, V-2241-19, V-2242-19, V-2243-19)
Angela G. Iannacci, J.P.
Paul Wooten
Lourdes M. Ventura
Lisa S. Ottley, JJ.

Sara C. W. (Anonymous), Spring Valley, NY, appellant pro se.
Garr Silpe, P.C., New York, NY (Steven M. Silpe and Emily R. Rubin of counsel), for respondent.
Gary E. Eisenberg, New City, NY, attorney for the children Yissochar W. and Abraham W.
Steven P. Forbes, Huntington, NY, attorney for the child Devorah W.
Karen M. Jansen, White Plains, NY, attorney for the child Esther W.
Steven Feinman, White Plains, NY, attorney for the child Shifra W.

[*1]
DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated November 15, 2023. The order denied the mother's application for a mistrial and, after a fact-finding hearing, in effect, granted that branch of the father's petition which was for physical custody of the parties' five youngest children to the extent of awarding the parties joint physical custody of those children.
ORDERED that the appeal from so much of the order as, in effect, granted that branch of the father's petition which was for physical custody of the child Yissochar W. to the extent of awarding the parties joint physical custody of that child is dismissed as academic, without costs or disbursements, as that child has reached the age of 18 (see Matter of Capruso v Kubow, 195 AD3d 614); and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, granting that branch of the father's petition which was for physical custody of the parties' youngest child to the extent of awarding the parties joint physical custody of that child, and substituting therefor a provision awarding the mother primary physical custody of that child, with parental access to the father; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements, and the matter is remitted to the Family Court, Rockland County, to establish a new schedule for the father's parental access with the parties' youngest child.
In 2019, the father filed a petition, inter alia, in effect, for sole legal and physical custody of the parties' five youngest children, and the mother filed a cross-petition. During a fact-finding hearing, the mother withdrew her cross-petition, and the parties agreed to joint legal custody of the parties' five youngest children. By order dated November 15, 2023, the Family Court denied the mother's application for a mistrial and, in effect, granted that branch of the father's petition which was for physical custody of the parties' five youngest children to the extent of awarding the parties joint physical custody of those children, in accordance with a specified parental access schedule.
At the outset, the Family Court did not improvidently exercise its discretion in denying the mother's application for a mistrial. The decision to grant a mistrial rests within the sound discretion of the trial court and is to be made on a case-by-case basis (see Lieberman v Lieberman, 112 AD3d 583). A crucial goal in consideration of a motion for a mistrial is the "prevent[ion of] a substantial possibility of injustice" (Cohn v Meyers, 125 AD2d 524, 527 [internal quotation marks omitted]). Based on our review of the record, substantial justice was accomplished.
Moreover, the Family Court did not err in failing to stay the hearing pursuant to CPLR 321(c) after it granted the motion of the mother's former counsel to be relieved. The mother hired new counsel within days after her former counsel's motion was granted, and new counsel filed a substantive motion and appeared for the mother for the continuation of the hearing (see Wells Fargo Bank, N.A. v Kurian, 197 AD3d 173, 177).
With respect to the award of joint physical custody, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Hogan v Hogan, 159 AD3d 679, 680; Matter of Baptiste v Gregoire, 140 AD3d 746, 747; Matter of Hutchinson v Johnson, 134 AD3d 1115, 1116). In determining what custody arrangement is in the child's best interests, the court should consider several factors, including "the quality of the home environment and the parental guidance the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, the relative fitness of the respective parents, and the effect an award of custody to one parent might have on the child's relationship with the other parent" (Matter of Baptiste v Gregoire, 140 AD3d at 747 [internal quotation marks omitted]; see Hogan v Hogan, 159 AD3d at 680-681; Matter of Hutchinson v Johnson, 134 AD3d at 1116). In addition, the court should consider the child's wishes, viewed in light of the age and maturity of the child (see Hogan v Hogan, 159 AD3d at 681; Matter of Baptiste v Gregoire, 140 AD3d at 747; Matter of Hutchinson v Johnson, 134 AD3d at 1116). Insofar as custody determinations largely turn on assessments of the credibility, character, temperament, and sincerity of the parties, the hearing court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (see Matter of Gulzar v Gulzar, 173 AD3d 1183, 1184; Hogan v Hogan, 159 AD3d at 681; Matter of Gorsky v Kessler, 78 AD3d 834, 835).
Here, contrary to the mother's contention, the Family Court's determination awarding the parties joint physical custody of the children Abraham W., Esther W., and Shifra W. has a sound and substantial basis in the record and should not be disturbed. The record established that those children are bonded to both the mother and the father, that each parent has strengths and weaknesses, and that those children's emotional, educational, and medical needs are met by awarding the parties joint physical custody of them (see Matter of Nell v Nell, 87 AD3d 541; Matter of Ruggiero v Noe, 77 AD3d 959).
However, a sound and substantial basis does not support the Family Court's determination to award the parties joint physical custody of their youngest child, Devorah W. Here, the evidence demonstrated that the mother is better suited to promote stability in the youngest child's life, that the youngest child was more bonded with the mother, and that the youngest child wished to reside primarily with the mother. Although "the stability and companionship to be gained from keeping the children together is an important factor for the court to consider" (Eschbach v Eschbach, 56 NY2d at 173), the youngest child will still spend significant time with her siblings, including the parties' oldest child, who is not a subject of this appeal and who resides with the mother.
Accordingly, we modify the order dated November 15, 2023, by awarding the mother primary physical custody of the parties' youngest child, and remit the matter to the Family Court, Rockland County, to establish a new schedule for the father's parental access with that child.
IANNACCI, J.P., WOOTEN, VENTURA and OTTLEY, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court